■ RAYMOND DOMINQUEZ, Appellant, v DENNIS DE TIBERUS, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiff appeals from an order of the Supreme Court, Queens County, dated September 25, 1979, which granted defendant's motion to dismiss the complaint as barred by the Statute of Limitations. Order affirmed, without costs or disbursements. On November 14, 1977, just four days prior to the expiration of the Statute of Limitations, plaintiff filed a copy of the summons and complaint with the Queens County Sheriff in an attempt to toll the Statute of Limitations pursuant to CPLR 203 (subd [b], par 5). Compliance with that section, pursuant to its amendment effective September 1, 1976, and thus applicable at the time of attempted service herein, required that delivery and filing should properly have been with the Clerk of Queens County, inasmuch as it appears from the summons that the action was designated to be tried in Queens County, located within the City of New York, which is also the county stated to be the location of defendant's residence. To the extent that this decision may be inconsistent with *Bromley v Cosmatos* (75 AD2d 798), the latter is overruled. Titone, J. P., Gibbons and Gulotta, JJ., concur.

Weinstein, J., dissents and votes to reverse the order, deny the motion, and reinstate the complaint, with the following memorandum: I would hold that filing the summons and complaint with the Sheriff of Queens County successfully tolled the Statute of Limitations (cf. *Bromley v Cosmatos*, 75 AD2d 798). Plaintiff substantially complied with the statutory requirements and defendant received the required notification of the action within the 60-day period provided by CPLR 203 (subd [b], par 5).

■ ELAINE HANSEN et al., Appellants, v COCA-COLA BOTTLING COMPANY OF NEW YORK, INC., et al., Respondents. — In a products liability action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered August 6, 1979, in favor of the defendants, upon dismissal of the complaint at the close of the plaintiffs' case. Judgment modified, on the law, by deleting therefrom the provisions in favor of defendant Coca-Cola Bottling Company of New York, Inc. As so modified, judgment affirmed, and as between plaintiffs and defendant Coca-Cola Bottling, action severed and new trial granted with costs to abide the event. Trial Term erred in excluding the bottle and cap offered into evidence by plaintiffs since a sufficient foundation for their admissibility was laid. The record contains testimony that the bottle and cap were the ones in question, and also that their condition was basically the same as it was at the time of the happening of the incident. The weight given to this evidence and the credibility of the authenticating witness were matters for the jury to consider (see *Wessel v Krop*, 30 AD2d 764). Moreover, the trial court unduly restricted the plaintiffs from eliciting expert opinion as to the cause of the breaking of the bottle. Since the trial court's errors prevented the plaintiffs from establishing a prima facie case against defendant Coca-Cola Bottling Company of New York, Inc., they are entitled to a new trial. However, the judgment is affirmed with respect to Edlund Co., Inc., the manufacturer of the bottle opener, since the trial court's errors did not affect the presentation of plaintiffs' case against that defendant and plaintiffs failed to establish a prima facie case of liability on its part. Gibbons, J. P., Gulotta, Margett and Martuscello, JJ., concur.