SHIRLEY V. RIVENBURGH, as Administratrix of the Estate of FRANK V. RIVENBURGH, Deceased, Appellant, v VIKING BOAT Co. et al., Respondents. ALCO STANDARD CORPORATION, Doing Business as TEMPO PRODUCTS COMPANY, Fifth-Party Plaintiff, v WALTER A. BRAUN Co., INC., Fifth-Party Defendant-Respondent. (And Other Actions.) — In a wrongful death action, plaintiff appeals from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), entered January 24, 1980, which, *inter alia,* is in favor of defendants and

against her, upon the trial court's dismissal of the complaint at the close of the plaintiff's case, at a jury trial. Judgment affirmed, with one bill of costs payable jointly to respondents appearing separately and filing separate briefs. Viewing the evidence adduced at trial in a light most favorable to the plaintiff (see *Noseworthy v City of New York,* 298 NY 76; *Schafer v General Motors Corp.,* 73 AD2d 600), plaintiff did not establish a prima facie case for recovery on any of the theories asserted in the complaint. Titone, J.P., Gulotta and Margett, JJ., concur.

Gibbons, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: Plaintiff's decedent died when his boat exploded and caught fire. He was alone on the boat when the incident occurred. In this wrongful death action, the plaintiff attempted to prove that the explosion occurred as a result of a leak in the boat's terneplate fuel tanks. The leak, she alleged, was caused by the defective design and manufacture, as well as the improper installation, of the tanks. As in all death actions, the plaintiff is not held to as high a degree of proof as plaintiffs in personal injury actions and is entitled to benefit from every favorable inference which can be reasonably drawn from the evidence in determining whether a prima facie case has been made out (see *Noseworthy v City of New York,* 298 NY 76; *Carpino v Baker,* 66 AD2d 201). As I read the record, the plaintiff presented sufficient evidence to warrant sending the case to the jury. Albert Sabiston, a marine mechanic who worked on the decedent's boat a few weeks before the explosion, testified that the gas tanks were leaking. He had seen the fuel tanks while adjusting the engine and found them to be "tired" and "rusty". Sabiston smelled gas and observed a "wetness" on top of the starboard tank which he identified as gasoline. In his opinion, the leaking gasoline came from the tanks he examined. Although Sabiston's testimony on cross-examination indicated that he did not find evidence of a leak after he had completed the repairs, his initial testimony is enough to warrant a jury determination as to the existence of the leak. Furthermore, in my opinion, the plaintiff was unreasonably restricted by the trial court in the presentation of her case (see *Hansen v Coca-Cola Bottling Co. of N.Y.,* 78 AD2d 848). Plaintiff sought to prove the existence of a leak on the day of the explosion by circumstantial evidence. She attempted to introduce the fuel tanks into evidence and would have had expert testimony describing the condition of the tanks on the day of the incident based on testimony as to the subsequent condition of the tanks. Repeatedly during the plaintiff's case, the trial court rejected all attempts to introduce the tanks into evidence on the ground that there was no direct evidence that the tanks were substantially in the same condition as they were at the time of the incident. Although it is clear that the tanks identified out of the presence of the jury were the tanks taken from decedent's boat, plaintiff's witnesses could not account for what had happened to the tanks during the time between the incident and their observations some weeks later. Circumstantial evidence of the condition of the tanks the day the explosion occurred is sufficient to meet plaintiff's burden of proof, especially in light of the fact that this is a death action (see *Noseworthy v City of New York, supra; Carpino v Baker, supra*). Although the tanks may have rusted additionally since the explosion, plaintiff's expert could have testified that the additional rust, if any, was insubstantial and that based on other witnesses' testimony as to the tanks' subsequent condition and his own expert analysis of the tanks, it was his opinion that the tanks *were badly* corroded and leaking on the day of the explosion. It is well settled that evidence of a subsequent condition is admissible to demonstrate the existence of the condition at the time in issue (see *Egan v Dry Dock, East Broadway & Battery R.R. Co.,* 12 App Div 556; Richard, Evidence [Prince, 10th ed], § 193; 2 Wigmore, Evidence [Chadbourn revision], § 437). The trial

court's negative attitude towards such testimony without direct proof of the tanks' condition on the day of the incident, unduly restricted plaintiff's case (see *Hansen v Coca-Cola Bottling Co. of N. Y., supra)*. In fact, the trial court's comments during a colloquy with counsel, led the plaintiff's attorney to forego calling an expert witness who should have testified, based on prior witnesses' testimony and his own metallurgical analysis, as to the condition of the tanks the day the explosion occurred. In my opinion, the plaintiff is entitled to a new trial.