■ JOSEPH ODEN et al., Appellants, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER, Defendant, and GEORGE W. FLINT et al., Respondents. — In a medical malpractice action, plaintiffs appeal, (1) as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated April 16, 1981, as denied that branch of their motion which sought to dismiss the affirmative defense of the Statute of Limitations interposed in the respective answers of defendants Flint and Feldman, granted the cross motion of those defendants for summary judgment based on such affirmative defense, and directed that the plaintiffs' causes of action against those defendants be severed and dismissed, (2) from a judgment of the same court, entered May 14, 1981, which severed and dismissed plaintiffs' causes of action against defendants Flint and Feldman, and (3) from so much of an order of the same court, dated November 4, 1981, as upon reargument, adhered to the original determination. Appeals from the order dated April 16, 1981, and the judgment entered May 14, 1981, dismissed, without costs or disbursements. The order and judgment were superseded by the order dated November 4, 1981, made upon reargument. Order dated November 4, 1981, modified, so as to provide that defendant Feldman's cross motion for summary judgment is denied, plaintiffs motion to strike the defense of the Statute of Limitations from the answer of that defendant is referred to the trial court for determination, the order dated April 16, 1981 and the judgment entered May 14, 1981 are amended accordingly and the severance of plaintiffs' action against defendant Feldman is vacated. As so modified, order dated November 4, 1981 affirmed insofar as appealed from, without costs or

disbursements. In the case at bar, the plaintiff Joseph Oden entered the hospital on April 9, 1976 and underwent surgery on April 12, 1976. A spinal anesthetic was administered and during the course of the operation Mr. Oden developed respiratory and other medical complications. On April 21, 1976 a tracheostomy was performed but he continued to experience respiratory difficulties. Thereafter, on May 17, 1976, Mr. Oden underwent a laryngoscopy and bronchoscopy and on May 27, 1976 he was discharged from the hospital. Plaintiffs commenced the present action to recover damages for medical malpractice by service of a summons and complaint upon the hospital and the anesthesiologist, Dr. Feldman, on November 1, 1978 and upon the surgeon, Dr. Flint, on November 30, 1978. Thereafter plaintiffs moved to strike the first affirmative defenses of the three defendants, each of which asserted the bar of the two-year and six-month Statute of Limitations (CPLR 214-a). In response, each defendant cross-moved for summary judgment on the basis of the Statute of Limitations defense. Special Term, *inter alia,* denied the plaintiffs' motion as to the defendant doctors and denied the same with leave to renew as to the defendant hospital, denied the hospital's cross motion, and granted the cross motions of both the defendant doctors. With respect to the anesthesiologist, Special Term found that, on the papers submitted, the last treatment he rendered to Mr. Oden occurred on April 27, 1976 when he reintubated Mr. Oden nasally and participated in the performance of a tracheostomy upon him. Accordingly Special Term concluded that the statutory period of limitation had run prior to service upon the anesthesiologist. With respect to the surgeon, Special Term, citing CPLR 203 (subd [b], par 5), held that the filing of a copy of the summons and complaint with the office of the County Clerk of Queens County on October 27, 1978 failed to effect a 60-day extension of the Statute of Limitations because there was no proof the surgeon resided or maintained an office in any county within the City of New York. On reargument, plaintiffs claimed that their service of a summons and complaint upon the Sheriff of Nassau County on October 30, 1978 had the effect of extending the Statute of Limitations with respect to the surgeon. Special Term adhered to its original determination, holding that the provisions of CPLR 203 (subd [b], par 5) in effect at the time of service did not, in actions to be tried within the City of New York, allow for service on the Sheriff of the county in which the defendant resided. With respect to the anesthesiologist, plaintiffs submitted hospital records showing that he had participated in the laryngoscopy and bronchoscopy performed on Mr. Oden on May 17, 1976. Special Term adhered to its original determination, holding that such participation, as a matter of law, did not constitute "continuous treatment". On appeal, plaintiffs argue that Special Term erred in holding that the filing in the office of the County Clerk of Queens County did not extend the Statute of Limitations and that the anesthesiologist's participation in the May 17, 1976 surgery did not constitute "continuous treatment". They further argue that their papers, at least, raised a question of fact as to whether such participation constituted "continuous treatment". Plaintiffs rely solely upon that portion of former CPLR 203 (subd [b], par 5) which, at the time of service upon the surgeon, provided in relevant part that "when the action to be commenced will be tried in a court located within the city of New York" the Statute of Limitations is extended for 60 days if "the summons is filed with the clerk of the court in the county within the city of New York where the defendant resides, is employed or is doing business" (L 1977, ch 494, § 1). Plaintiffs argue that the surgeon was doing business in Queens County and that therefore the filing of the summons with the County Clerk of Queens County extended the Statute of Limitations. The record, however, fails to contain any probative allegation or evidence of the surgeon's

residence, business activity, or employment in Queens County at the time of filing. We note that, contrary to plaintiffs' claim, the fact that the surgeon operated on Mr. Oden in Queens County approximately two years and five months prior to the filing of the summons does not establish that he was doing business in Queens County at the time of service. Although we agree with Special Term with respect to the extension of the Statute of Limitations pursuant to CPLR 203, we hold that the hospital records submitted by plaintiffs on the motion to reargue raise a question of fact as to whether the anesthesiologist's participation in the laryngoscopy and bronchoscopy was so related to the original alleged wrongful act or omission as to constitute a continuous course of treatment and render the November 1, 1978 commencement of the action against him timely. Damiani, J. P., Gibbons, Thompson and Boyers, JJ., concur.