OPINION OF THE COURT
Nicholas A. Clemente, J.
On September 10, 1983, Frances Nelson died. The executor of her estate commenced this action for wrongful death and medical malpractice, inter alla, against defendant Griepp on October 3, 1985. The complaint alleges four causes of action, the first of which is for wrongful death while the latter three allege malpractice claims.
It is not controverted that the treatment in issue took place between June 26, 1982 and August 5, 1982.* Defendant contends that the action is, therefore, barred by the Statute of Limitations which apply to wrongful death and malpractice actions, respectively. His problem, however, is that he failed to raise it as a defense in his answer, which he served on May 25, 1986. Hence, the instant motion is made which requests an order permitting the defendant to amend his answer to allege *982 the defense of the Statute of Limitations and to dismiss the complaint based on such defense.
By way of background, plaintiff sought to extend the time within which the action could be commenced by availing himself of the provisions of CPLR 203 (b) (5) (i). That provision states:
"(b) Claim in complaint. A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when * * *
"5. The summons is delivered to the sheriff of that county outside the city of New York or is filled with the clerk of that county within the city of New York in which the defendant resides, is employed or is doing business, or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last resided, been employed or been engaged in business, or in which the cause of action arose; or if the defendant is a corporation, of a county in which it may be served or in which the cause of action arose; provided that:
"(i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision”.
Thus, on August 19, 1985, the plaintiff filed with the Kings County Clerk a summons naming Griepp as a defendant. Defendant contends that the extension thereby afforded does not eliminate plaintiffs Statute of Limitations problem.
There are two prongs to defendant’s argument that the Statute of Limitations warrants dismissal, in addition to defendant’s general assertions justifying amendment of the answer.
As to the three malpractice causes of action, defendant points out that treatment ended on August 5, 1982. Therefore, the two-year and six-month Statute of Limitations provided for malpractice cases under CPLR 214-a expired by February 1985, or on a date prior to the October 3, 1985 commencement of the action.
In regard to the first cause of action for wrongful death, EPTL 5-4.1 (1) provides that such a cause of action must be commenced within two years of the decedent’s death. Since death occurred on September 10, 1983, the Statute of Limitations on this cause of action expired on September 10, 1985 or on a date prior to the commencement of the action. As defendant recognizes, because of the 60-day extension of the *983 Statute of Limitations provided by CPLR 203 (b) (5) (i), set forth supra, commencement of the action on October 3, 1985 would have been timely. This brings up the second prong of defendant’s attack. It is defendant’s position that plaintiff did not comply with CPLR 203. Paragraph (5) of subdivision (b) of that section requires that in order to serve the clerk and gain an extension, you serve the clerk of the county where the defendant resides, is employed or is doing business. Only if none of the foregoing is known after reasonable inquiry does the statute authorize service by the plaintiff upon the clerk of the county in which the defendant is known to have last resided, been employed or been engaged in business or in which the cause of action arose.
The clerk served was that of Kings County. At the time (Aug. 19, 1985) such service was made, defendant did not reside, was not employed and did not do business in Kings County but rather in New York County. While defendant concedes he had previously been employed in Kings County, he maintains that even if plaintiff did not know he was now located in New York County, paragraph (5) would not have been complied with because simply inquiry by plaintiff would have enlightened him. In sum, defendant maintains plaintiff did not get the 60-day extension of CPLR 203 and the wrongful death action was barred at the time it was commenced.
Concerning defendant’s request to amend the answer, he makes the general argument that the request should be granted because of the lack of any prejudice to plaintiff coupled with the fact that any delay in bringing the motion should be ascribed to plaintiff’s tardiness in providing disclosure. This tardiness meant that defendant did not get until December 1986, a copy of the summons showing it had been filed with the Kings County Clerk, an affidavit of service, a proper bill of particulars and a copy of the death certificate. Only after receiving all of these items did defendant become fully aware of the appropriateness and necessity of making this motion.
In opposing the motion, plaintiff contends that the defense of the Statute of Limitations is waived since it had to be asserted under CPLR 3211 (e) either in the answer or in a motion to dismiss made prior thereto; that there is no reasonable excuse offered by defendant for his delay in asserting the Statute of Limitations defense since they had all the necessary information to assert the defense at the time they served their original answer and that in any event, CPLR 203 (b) (5) was *984 complied with. As to the last point, plaintiff states that until shortly before the filing of the summons with the Kings County Clerk, he believed that defendant was employed in Kings County at the Downstate Medical Center. Such belief stemmed from a letter received from the attorneys for Downstate dated May 16, 1984 and plaintiff had no reason to suspect any change of defendant’s residence or employment until August 1985. In July 1985, when plaintiff sought to serve defendant at Downstate and was told he was not there any longer, plaintiff searched the professional listings for all five boroughs of New York City but could find no listing for defendant. Thereupon, plaintiff filed the summons in Kings County, the county where the cause of action arose and in which defendant was last known to have been employed.
The issue that must be first resolved is the effect of CPLR 3211 (e) on defendant’s application to raise the defense of the Statute of Limitations via an amendment to his answer. It is well established that the plaintiff’s position that CPLR 3211 (e) bars the amendment is without merit. As stated in Pegno Constr. Corp. v City of New York (95 AD2d 655, 656): "CPLR 3025 (subd [b]) is specific in its direction that leave shall be freely given to a party to 'amend his pleading * * * at any time’. Contrary to plaintiff’s position on this appeal, this statutory direction has been held repeatedly to apply to defenses deemed 'waived’ under CPLR 3211 (subd [e]) when riot raised 'either by * * * motion or in the responsive pleading.’ (See, e.g., Fahey v County of Ontario, 44 NY2d 934; McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 91 AD2d 516; Lermit Plastics Co. v Lauman & Co., 40 AD2d 680). As the Court of Appeals observed in Fahey v County of Ontario (supra, at p 935): 'Leave to amend the pleadings "shall be freely given” absent prejudice or surprise resulting directly from the delay.’ The kind of prejudice required to defeat an amendment is clearly described in Siegel, New York Practice (§ 237, p 289): 'It must obviously be showing of prejudice traceable not simply to the new matter sought to be added, but also to the fact that it is only now being added.’ There must be 'some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add.’ (Ibid.)”
There has been no prejudice to plaintiff at bar by defendant’s failure to raise the Statute of Limitations in his original answer served in May 1986, since by then the Statute of *985 Limitations had already elapsed and even if it had been raised, there was nothing that plaintiff could have done to obviate its effect. The amendment of the answer should thus be allowed.
Once the answer is amended, it necessarily follows that the second, third and fourth causes of action should be dismissed since it is conceded by plaintiff that the Statute of Limitations has run on these causes of action. What remains for resolution is whether plaintiff complied with CPLR 203 so as to extend the Statute of Limitations as to the first cause of action. That issue revolves around whether filing of the summons with the Kings County Clerk satisfied CPLR 203 (b) (5) when the filing should have been done with the New York County Clerk and whether plaintiff made a "reasonable inquiry” before deciding to file with the Kings County Clerk.
In serving the Kings County Clerk, plaintiff maintains it relied upon a letter from Downstate Medical Center’s attorneys dated May 16, 1984 indicating that defendant was employed at its facility in Kings County. Plaintiff claims it learned otherwise only in July 1985 when in attempting to serve defendant at Downstate, he was told that defendant was no longer practicing medicine there. Plaintiff then checked the yellow pages and could not find a listing for defendant so the filing was made in the county of defendant’s last place of employment, namely, Kings County.
At the outset, it should be noted that CPLR 203 (b) (5) is a statute that must be strictly complied with rather than merely substantially (Dominquez v De Tiberus, 78 AD2d 848, affd 53 NY2d 778). The key issue, of course, relates to the duties of plaintiff vis-á-vis the "reasonable inquiry” requirement.
In my view, plaintiff was not justified in relying upon the May 16, 1984 letter showing defendant to be employed in Kings County in filing the summons with the Kings County Clerk more than a year later as a county in which defendant was supposedly in current employment or residence (cf., Oden v Long Is. Jewish-Hillside Med. Center, 94 AD2d 719). This letter was by one defendant regarding another defendant and could hardly constitute any estoppel or justify any reliance, vis-á-vis Griepp. Thus, notwithstanding the May 16 letter, when plaintiff sought to extend the Statute of Limitations by filing with the clerk, it was incumbent upon him to make a reasonable inquiry of this defendant’s current whereabouts *986 (see, Roberts v Schuh, 55 Misc 2d 996, 997). While the need for such inquiry appears to have been vitiated where the defendant changes his residence to a place outside of New York State, the requirement for such inquiry remains where an. intrastate moving defendant is involved (Scher v Kronman, 70 AD2d 354; Trane Co. v Robinson Constr., 61 AD2d 360; Rossi v Oristian, 50 AD2d 44).
Thus, the question that ultimately emerges is whether plaintiff has satisfied the need to make "reasonable inquiry” by checking the yellow pages under "physicians”. CP1R 203 (b) (5) requires reasonable inquiry not minimal inquiry (cf., Trane Co. v Robinson Constr., supra). There is no need to here define what efforts might raise this cursory inquiry to statutory standards. What is clear, however, is that plaintiff had to make more of an inquiry, i.e., checking medical directories, using an investigator or even telephoning the attorneys for the appearing defendants to ascertain this defendant’s current whereabouts, than a mere checking of the yellow pages which may themselves not have been current.
Finally, defendant posits that the filing with the Kings County Clerk was jurisdictionally defective because only the summons was filed and the summons contains no indication of the nature of the action. While plaintiff did not make any response to this argument, my examination of the papers filed with the clerk show that there is no merit to this contention as the complaint was filed with the summons. In any event, the result reached makes this point moot.
I conclude that the motion should be granted and the amendment of the answer should be permitted with the complaint being dismissed upon such amendment as to the moving defendant on the ground that the Statute of Limitations has run.

 Plaintiffs bill of particulars refers to treatment continuing after such date but he concedes on this motion that treatment ended on August 5, 1982.