■ Rodney Nelson, as Executor of Frances Nelson, Deceased, Appellant, v Downstate Medical Center, State University Hospital, Defendant, and Randall Griepp, Respondent.—In an action to recover damages for wrongful death and medical malpractice, the plaintiff appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated July 9, 1987, as granted the motion of the defendant Dr. Randall Griepp to amend his answer so as to assert the defense of the Statute of Limitations and dismissed the plaintiff's first cause of action insofar as asserted against Dr. Griepp, (2) from an order of the same

court entered December 8, 1987, which denied the plaintiff's motion for renewal and (3) from an order of the same court entered April 4, 1988, which denied the plaintiff's second motion for renewal.

Ordered that the order dated July 9, 1987 is affirmed insofar as appealed from, and the orders entered December 8, 1987 and April 4, 1988, respectively, are affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff's decedent, Frances Nelson, received medical treatment in the defendant Downstate Medical Center in 1982, and died on September 10, 1983. The plaintiff then commenced an action to recover damages for malpractice and wrongful death against the defendants Downstate Medical Center, State University Hospital and Dr. Randall Griepp.

The Supreme Court, Kings County, properly dismissed the plaintiff's first cause of action, i.e., the wrongful death cause of action, as asserted against Dr. Griepp. The two-year Statute of Limitations for the plaintiff's wrongful death cause of action against Dr. Griepp expired on September 10, 1985, two years after the death of Frances Nelson (see, EPTL 5-4.1). The plaintiff attempted to timely interpose his claim against Dr. Griepp, pursuant to CPLR 203 (b) (5), by filing the summons with the Clerk of Kings County on August 19, 1985, which was within the two-year Statute of Limitations, and by then serving the summons personally upon Dr. Griepp in New York County on October 1, 1985, which was within 60 days after the two-year Statute of Limitations expired (CPLR 203 [b] [5]; see, Berkshire Life Ins. Co. v Fernandez, 71 NY2d 874). However, CPLR 203 (b) (5) provides that the summons must be "filed with the clerk of that county within the city of New York in which the defendant resides, is employed or is doing business, or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last resided, been employed or been engaged in business, or in which the cause of action arose". The plaintiff's counsel conceded, in his papers submitted to the Supreme Court, that he knew, as of August 19, 1985, that the defendant no longer worked in Kings County. Moreover, the record supports the Supreme Court's determination that the plaintiff did not make the requisite "reasonable inquiry" which would have revealed that Dr. Griepp was then working in New York County. Accordingly, the plaintiff's filing of the summons with the clerk of that county in which the defendant was "known to have * * * been employed", i.e.,

Kings County, was ineffective *(see, Trane Co. v Robinson Constr.,* 61 AD2d 360). Since Dr. Griepp was not personally served until October 1, 1985, which was after the two-year Statute of Limitations had expired, the plaintiff's first cause of action against Dr. Griepp to recover damages for wrongful death was properly dismissed as time barred *(see,* EPTL 5-4.1).

We have reviewed the plaintiff's remaining arguments and find them to be without merit. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur. *[See,* 135 Misc 2d 980.]