■ PATRICK HICKEY, Respondent, v HAROLD P. HUTTON, Appellant.—In an action to recover damages, *inter alia,* for personal injuries arising from medical malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), entered March 20, 1991, which denied his motion for leave to serve an amended answer to include the Statute of Limitations as an affirmative defense.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, and the proposed amended answer is deemed served.

The plaintiff commenced the instant action against the appellant alleging various causes of action sounding in fraud, medical malpractice, negligence, and prima facie tort for the intentional infliction of harm. The appellant made a pre-answer motion under CPLR 3211 and 3212 which resulted in dismissal of all the causes of action save the cause of action against the appellant sounding in medical malpractice *(see, Hickey v Travelers Ins. Co.,* 158 AD2d 112). When the appellant subsequently served his answer, he did not include the defense of the Statute of Limitations. Three months thereaf-

ter, the appellant moved pursuant to CPLR 3025 (b) for leave to amend his answer to assert this defense. The Supreme Court denied that relief. We reverse.

Leave to amend an answer is to be freely given absent prejudice or surprise to the opposing party *(see, Herrick v Second Cuthouse,* 64 NY2d 692; *Fahey v County of Ontario,* 44 NY2d 934),* provided the defense is meritorious *(see, Crimmins Contr. Co. v City of New York,* 74 NY2d 166). Although the granting of relief is in the discretion of the trial court and will not be overturned lightly *(see, Herrick v Second Cuthouse, supra),* it is an improvident exercise of discretion to deny relief if there was no prejudice or surprise to the opposing party *(see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755). Here, the plaintiff has failed to demonstrate any prejudice or surprise resulting from the three-month delay between the service of the answer and the instant motion for leave to serve an amended answer. The plaintiff has, therefore, failed to meet his burden to defeat the motion *(see, e.g., Getz v Getz,* 130 AD2d 710).

Further, the Supreme Court's reliance on *Addesso v Shemtob* (70 NY2d 689), and *DeFilippis v Perez* (148 AD2d 490), for the proposition that the defense was waived, was misplaced. The Court of Appeals, in *Addesso v Shemtob (supra),* held that the appellant waived the defense of lack of personal jurisdiction under CPLR 3211 (a) (8) when it both moved under CPLR 3211 (a) (7) for dismissal and then answered without asserting the defense. *DeFilippis v Perez (supra),* reached the same result. There is a significant difference under CPLR 3211 (e) between lack of personal jurisdiction (CPLR 3211 [a] [8]) and the Statute of Limitations (CPLR 3211 [a] [5]). CPLR 3211 (e) states that the defense of lack of personal jurisdiction (CPLR 3211 [a] [8]) will be waived "if a party moved on any of the grounds set forth in subdivision (a) without raising such [an] objection", and the Court of Appeals in *Addesso* relied on this "plain language" in finding a waiver *(Addesso v Shemtob, supra,* at 690). However, the defense of the Statute of Limitations (CPLR 3211 [a] [5]), pursuant to CPLR 3211 (e) will be waived "unless raised either by such motion [CPLR 3211 (a)] *or* in the responsive pleading" (emphasis added). Therefore, neither *Addesso* nor *DeFilippis,* which concerned CPLR 3211 (a) (8), precluded granting the relief the appellant was seeking *(see, Matter of Department of Social Servs. v Jay W.,* 105 AD2d 19; *Nelson v Downstate Med. Center, State Univ. Hosp.,* 135 Misc 2d 980, *affd* 146 AD2d 683). Because the defense is meritorious and the plaintiff has demonstrated no prejudice or

surprise, leave to serve the amended answer should have been granted. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.