■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS D. MARTIN, Appellant. [815 NYS2d 105]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Weinberg, J.), rendered May 1, 2002, convicting him of kidnapping in the second degree (two counts), sodomy in the first degree (two counts), and rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the trial court erred in precluding him from offering medical testimony concerning his physical condition is unpreserved for appellate review, as his arguments on appeal are different from those advanced before the trial court (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]; *People v Young*, 295 AD2d 631 [2002]). In any event, the trial court properly determined that the proposed medical testimony was collateral to any material issue and would be cumulative of other evidence of the defendant's physical limitations (*see People v Aska*, 91 NY2d 979, 981 [1998]).

The defendant's contention that the prosecutor committed misconduct in summation is unpreserved for appellate review (*see People v LaValle*, 3 NY3d 88, 114 [2004]; *People v Harris*, 98 NY2d 452, 459 [2002]). In any event, the prosecutor's comments were within the broad scope of permissible rhetoric in summation, and were a fair response to defense counsel's summation, which explicitly placed the victims' credibility in issue (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Malave*, 7 AD3d 542 [2004]; *People v McCray*, 167 AD2d 304 [1990]). Adams, J.P., Ritter, Santucci and Lunn, JJ., concur.