▇ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CLEVENSTINE, Appellant. [891 NYS2d 511]—

Lahtinen, J.

Defendant, who was in his late 50s, befriended a family and used that relationship as a means to acquire access to the family's two teenage daughters (born in 1990 and 1992), whom he allegedly subjected to various sex-related activities from January 2006 to August 2007. His conduct was discovered when his wife accidentally found, on their computer in defendant's MySpace account, saved instant message communications between defendant and the younger victim revealing sexually explicit discussions and indicating that the two had engaged in sexual intercourse. She separately confronted the younger victim and defendant, both of whom made comments consistent with confirming the sexual activity. About a week later, defendant's wife notified the State Police, and the ensuing investigation eventually resulted in an 11-count superseding indictment, charging six felonies and five misdemeanors for various acts allegedly perpetrated by defendant against the two girls. He was convicted of all 11 counts following a jury trial and sentenced to an aggregate minimum prison term of 24²/₃ years (which was adjusted as per Penal Law § 70.30), plus postrelease supervision. Defendant appeals.

We find merit in defendant's argument that the time frame alleged in count one of the superseding indictment was excessive. "[A] nine-month time frame alleging a noncontinuous act in an accusatory instrument is generally per se unreasonable" (*People v Sedlock*, 8 NY3d 535, 538 [2007]; *see People v Beauchamp*, 74 NY2d 639, 641 [1989]). Count one asserts a single act of sexual intercourse involving defendant and the younger victim occurring between April 1, 2006 and January 18, 2007. The alleged time frame exceeds nine months. Moreover, during that time, the younger victim was 13 (and turned 14) and her testimony (given when she was 16) does not reveal significant cognitive difficulties or an inability to recall events. In fact, she was able to set various other acts—including additional instances of sexual intercourse—in much narrower time frames. The People failed to establish a reason for the long time frame in count one and, under the circumstances, that count should have been dismissed (*see People v Bennett*, 57 AD3d 688, 690 [2008], *lv denied* 12 NY3d 781 [2009]; *People v Irvine*, 52 AD3d 866, 867 [2008], *lv denied* 11 NY3d 737 [2008]).

Defendant asserts that his convictions for rape in the third degree as alleged in count three and endangering the welfare of a child as alleged in count seven were not supported by legally

sufficient evidence and were against the weight of the evidence. His general dismissal motion failed to preserve his legal sufficiency argument (*see People v Gibbs*, 34 AD3d 1120, 1121 [2006]). There is, however, no preservation requirement for our weight of the evidence review (*see People v Mann*, 63 AD3d 1372, 1373 [2009]). Defendant contends that there was no evidence indicating that the conduct constituting endangering the welfare of a child occurred in early 2006, as alleged in the indictment. While the younger victim's testimony on direct examination was insufficient as to when the conduct occurred, on redirect she clarified the conduct as occurring in January or February 2006. Defendant further argues that there was no evidence of sexual intercourse in August 2007 as alleged in count three. This argument fails since the younger victim testified that the last time they had sexual intercourse was at defendant's house in August 2007, and she specifically recalled that it occurred five days before she was confronted by defendant's wife, which occurred on August 13, 2007. We have otherwise reviewed the testimony and evidence in the record as to these and the other crimes of which defendant was convicted and, after independently weighing and considering the proof as well as assessing the evidence in light of the elements charged to the jury, we are unpersuaded that defendant's convictions on counts 2 to 11 were against the weight of the evidence (*see People v Johnson*, 10 NY3d 875, 878 [2008]; *People v Romero*, 7 NY3d 633, 643-644 [2006]).

Next, we consider defendant's contention that the computer disk containing the electronic communications that occurred between him and the victims via instant message was improperly admitted into evidence. Defendant objected to this evidence at trial upon the ground that it had not been properly authenticated. "[A]uthenticity is established by proof that the offered evidence is genuine and that there has been no tampering with it," and "[t]he foundation necessary to establish these elements may differ according to the nature of the evidence sought to be admitted" (*People v McGee*, 49 NY2d 48, 59 [1979]; *see* Prince, Richardson on Evidence § 4-203 [Farrell 11th ed]). Here, both victims testified that they had engaged in instant messaging about sexual activities with defendant through the social networking site MySpace, an investigator from the computer crime unit of the State Police related that he had retrieved such conversations from the hard drive of the computer used by the victims, a legal compliance officer for MySpace explained that the messages on the computer disk had been exchanged by users of accounts created by defendant and the victims, and defendant's wife recalled the sexually explicit conversations she

viewed in defendant's MySpace account while on their computer. Such testimony provided ample authentication for admission of this evidence (*see People v Lynes*, 49 NY2d 286, 291-293 [1980]; *People v Pierre*, 41 AD3d 289, 291 [2007], *lv denied* 9 NY3d 880 [2007]; *see generally* Zitter, Annotation, *Authentication of Electronically Stored Evidence, Including Text Messages and E-mail*, 34 ALR6th 253). Although, as defendant suggested at trial, it was possible that someone else accessed his MySpace account and sent messages under his user name, County Court properly concluded that, under the facts of this case, the likelihood of such a scenario presented a factual issue for the jury (*see People v Lynes*, 49 NY2d at 293). To the extent that defendant asserts on appeal another evidentiary ground for not admitting this evidence, that ground was not preserved since it was not asserted at trial (*see e.g. People v Bertone*, 16 AD3d 710, 712 [2005], *lv denied* 5 NY3d 759 [2005]), and our examination of the record fails to persuade us to exercise our interest of justice jurisdiction as to such issue.

Defendant asserts that it was prejudicial misconduct for the prosecutor to suggest during summation that those jurors who were familiar with MySpace could assist those who were not familiar with the social networking Web site. This issue was not preserved by an objection to the comment at trial and, in any event, the isolated comment did not constitute reversible error (*see People v McCombs*, 18 AD3d 888, 890 [2005]).

The efforts of defendant's counsel, viewed in their entirety and as of the time of representation, reveal that, contrary to defendant's current contention, he received meaningful representation (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]). The remaining arguments have been considered and found unavailing.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of rape in the second degree under count one of the superseding indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.