■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD AGUDELO, Appellant. [947 NYS2d 96]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered October 15, 2010, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentencing him, as a second felony offender, to a term of $2^{1}/_{2}$ to 5 years, unanimously affirmed.

The victim's testimony was sufficient to authenticate the content of a set of cell phone instant messages exchanged between her and defendant. The detective testified that he viewed the messages on the victim's phone and thereafter read the printout of the messages, which the victim had cut and pasted into a single document. This printout was introduced in evidence after the victim testified that it accurately represented the exchange of messages she received on her cell phone. She testified that she knew the messages were from defendant because his name appeared on her phone when she received the instant messages.

One of the numerous ways to authenticate a recorded conversation is through the "[t]estimony of a participant in the conversation that it is a complete and accurate reproduction of the conversation and has not been altered" (*People v Ely*, 68 NY2d 520, 527 [1986]). The credibility of the authenticating witness and any motive she may have had to alter the evidence go to the weight to be accorded this evidence, rather than its admissibility (*see Hansen v Coca-Cola Bottling Co. of N.Y.*, 78 AD2d 848 [1980]).

Relying on *People v Clevenstine* (68 AD3d 1448 [2009]), defendant argues that authentication requires testimony from the Internet service provider about the source of the messages. Yet, *Clevenstine* does not mandate this, nor did the case address the issue here, which is the accuracy of a copy-and-paste compilation of an electronic exchange. Rather, in *Clevenstine*, the identity of the sender was challenged and the provider's testimony was critical to that issue (*id.* at 1450-1451).

Other jurisdictions that have directly dealt with the issue of the admissibility of a transcript, or a copy-and-paste document

of a text message conversation, have determined that authenticity can be shown through the testimony of a participant to the conversation that the document is a fair and accurate representation of the conversation (*see e.g. United States v Gagliardi,* 506 F3d 140 [2d Cir 2007]; *United States v Tank,* 200 F3d 627 [9th Cir 2000] [a participant to the conversation testified that the print-out of the electronic communication was an accurate representation of the exchange and had not been altered in any significant manner]; *State v Roseberry,* 197 Ohio App 3d 256, 2011 Ohio 5921, 967 NE2d 233 [Ohio Ct App 2011] [a handwritten transcript of text messages was properly authenticated through testimony from the recipient of the messages, who was also the creator of the transcript]; *Jackson v State,* 2009 Ark App 466, 320 SW3d 13 [2009] [testimony from a participant to the conversation was sufficient]). The testimony of a "witness with knowledge that a matter is what it is claimed to be is sufficient" to satisfy the standard for authentication (*Gagliardi,* 506 F3d at 151). Here, there is no dispute that the victim, who received these messages on her phone and who compiled them into a single document, had first-hand knowledge of their contents and was an appropriate witness to authenticate the compilation. Moreover, the victim's testimony was corroborated by a detective who had seen the messages on the victim's phone. Any issues relating to the detective's credibility in this regard were likewise matters for the jury to consider. Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.