THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENROY BISHOP, Appellant. [984 NYS2d 375]—

Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered February 29, 2012, convicting defendant, after a jury trial, of assault in the first degree and gang assault in the first degree and second degrees, and sentencing him to an aggregate term of 12 years, unanimously affirmed.

The evidence was legally sufficient to establish defendant's guilt of each of the charges of which he was convicted (*see People v Danielson*, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of the testimony of various witnesses in the light of a surveillance videotape. The evidence permitted the jury to reasonably infer that a group of men attacked the victim with a community of purpose and a shared intent to cause serious physical injury, that one of these men stabbed the victim while the others aided the stabber by punching and kicking the victim, and that defendant was either the actual stabber or was accessorially liable for the stabbing (*see* Penal Law § 20.00; *Matter of Juan J.*, 81 NY2d 739 [1992]). The People were not required to prove any type of plan or premeditation (*see People v Allah*, 71 NY2d 830 [1988]), and the fact that defendant was the only person prosecuted does not undermine his criminal liability (*see* Penal Law § 20.05 [2]).

For similar reasons, defendant's challenges to the court's jury instructions on accessorial liability are unavailing. The People never limited themselves to a theory that defendant was the actual stabber, or that he acted alone. As indicated, there was a reasonable view of the evidence that if defendant was not the actual stabber, he acted in concert with that person. The charge sufficiently explained the required mental culpability.

Because gang assault does not require that the "aiders" share the mens rea of the principal, but only that they render aid (*People v Sanchez*, 13 NY3d 554, 566 [2009]), the court erred in instructing the jury that its acting in concert charge applied to the gang assault counts. However, the error was plainly harmless because the errant instruction increased the People's burden of proof rather than lessening it, and the evidence satisfied this additional burden.

Defendant's claim that the court's response to a jury note constituted an improper missing witness charge is unpreserved, and we decline to review it in the interest of justice.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Renwick, Feinman, Gische and Kapnick, JJ.