■ The People of the State of New York, Respondent, v Kevin Blackwood, Appellant. The People of the State of New York, Respondent, v Kemar Gayle, Appellant. [998 NYS2d 344]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered December 2, 2010, convicting defendant Kevin Blackwood, after a jury trial, of attempted gang assault in the first degree, and sentencing him to a term of four years, and judgment, same court and Justice, rendered December 16, 2010, convicting defendant Kemar Gayle, after a jury trial, of attempted gang assault in the first degree and two counts of robbery in the second degree, and sentencing him to concurrent terms of 3½ years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings, as to both defendants, pursuant to CPL 460.50 (5).

As to each defendant, the verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility, including its resolution of inconsistencies in testimony. Reasonable inferences establish that defendants and a third codefendant attacked the victim with a community of purpose and a shared intent to cause him serious physical injury, and that all three men actively participated in the attack (*see People v Bishop*, 117 AD3d 430 [1st Dept 2014], *lv denied* 23 NY3d 1034 [2014]). The evidence also supports reasonable inferences that defendant Gayle took part in the forcible taking of the victim's gold chain, and that Gayle did so with the requisite intent.

The court meaningfully responded to a note from the deliberating jury (*see People v Almodovar*, 62 NY2d 126, 131 [1984]; *People v Malloy*, 55 NY2d 296, 301-302 [1982], *cert denied* 459 US 847 [1982]). The note requested a readback of "testimony relating to the identification" of defendants by

certain witnesses. The note clearly did not call for a readback of the full narrative of events as related by these witnesses. We find that the court's interpretation of the note was reasonable, and that the court properly exercised its discretion when it declined to direct a readback of the additional passages requested by defendants (*see People v Wilson*, 39 AD3d 264 [1st Dept 2007], *lv denied* 9 NY3d 883 [2007]). In any event, Gayle has not demonstrated that the omission of these passages from the readback "seriously prejudiced" him (*see People v Lourido*, 70 NY2d 428, 435 [1987]). We also note that the jury never indicated that the readback was inadequate. Gayle did not preserve his claim that the court should have ordered the readback to include further testimony, not requested by defendants, and we decline to review it in the interest of justice. The record does not support Gayle's assertion that the court prevented him from making further readback requests. As an alternative holding, we similarly find no basis for reversal.

Defendants did not preserve their claim that the court placed excessively restrictive time limits on their voir dire of prospective jurors. Only the third codefendant objected to the time limits (*see People v Buckley*, 75 NY2d 843, 846 [1990]), and requested "leeway." In response, the court agreed to be flexible and to permit all counsel more time if necessary. Accordingly, we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find no error warranting reversal. Neither defendant requested more time, and any claim of prejudice is therefore purely speculative.

To the extent defendant Blackwood is challenging a pretrial suppression ruling, we find that challenge to be without merit. Defendants' remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ.