— Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cacace, J.), rendered September 1, 2015, convicting him of attempted murder in the second degree, assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, endangering the welfare of a child, and tampering with a witness in the fourth degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant contends that his convictions were against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the crimes of which the defendant was convicted was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The defendant failed to preserve for appellate review his contention that he was deprived of his right to due process and his right of confrontation by the Supreme Court’s denial of his application to subpoena the complainant’s mental health records (see CPL 470.05 [2]). In any event, the court providently exercised its discretion in denying the defendant’s application because he made no showing that the complainant suffered from any condition relevant to her ability to perceive and recall the crimes committed against her (see People v Plaza, 60 AD3d 1153 [2009]; People v Brown, 24 AD3d 884 [2005]).
 

 The defendant’s contention that he was deprived of his right to a fair trial because the Supreme Court permitted the prosecutor to elicit improper hearsay evidence is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the testimony of a police officer that the complainant identified the defendant as a shooter was properly admitted because such statement constituted an excited utterance (see People v Edwards, 47 NY2d 493, 497 [1979]). In addition, the complainant was properly permitted to testify as to what the defendant told her in a telephone conversation because those statements constituted statements against penal interest (see People v Chico, 90 NY2d 585, 589 [1997]; People v Moore, 118 AD3d 916 [2014]; People v Case, 113 AD3d 872 [2014]).
 

 Contrary to the defendant’s contention, the Supreme Court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]), which permitted the People to elicit from the defendant that he was convicted of a felony in 2008 and a misdemeanor in 2004, but precluded the prosecutor from eliciting the underlying facts of convictions, avoided any undue prejudice to the defendant (see People v Williams, 12 NY3d 726 [2009]; People v Walker, 83 NY2d 455 [1994]; People v Brown, 101 AD3d 895 [2012]; People v Thompson, 99 AD3d 819 [2012]; People v Vetrano, 88 AD3d 750 [2011]; People v McCoy, 45 AD3d 395 [2007]).
 

 The defendant failed to preserve for appellate review his contention that the prosecutor, on summation, denigrated the defense and shifted the burden of proof (see CPL 470.05 [2]). In any event, the prosecutor’s comments on summation constituted fair comment on the evidence and were a fair response to the arguments and theories presented by the defense’s summation (see People v Halm, 81 NY2d 819 [1993]; People v Galloway, 54 NY2d 396 [1981]; People v Ashwal, 39 NY2d 105 [1976]).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 The defendant’s remaining arguments, raised in his pro se supplemental brief, are without merit.
 

 Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.