People v Enoksen (2019 NY Slip Op 06212)





People v Enoksen


2019 NY Slip Op 06212


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2018-03249
 (Ind. No. 911/16)

[*1]The People of the State of New York, respondent,
v
Nancy Enoksen, appellant.


Patrick Michael Megaro, Forest Hills, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Hilda Mortensen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered March 20, 2018, convicting her of grand larceny in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant, an attorney, was convicted, after a jury trial, of grand larceny in the second degree. The testimony and evidence presented by the People established the following facts. The defendant represented the complainant, Lisa Marie Elfante, in a divorce proceeding from 2008 until 2013. In August 2013, the complainant signed a retainer agreement and endorsed a check in the amount of $415,720.91, representing the settlement proceeds in connection with a personal injury action, which was deposited by the defendant into an escrow account entitled "Lisa Marie Elfante, Law Office of Nancy Enoksen, 366 North Broadway, Suite 204, Jericho, New York 11753." According to the complainant, the funds were placed in the escrow account, on the defendant's advice, to avoid judgment creditors. Over a period of approximately 10 months, the defendant withdrew a total of $187,040.34 from the escrow account for her personal use.
We agree with the Supreme Court's denial of the defendant's motion, in effect, pursuant to CPL 255.20(3) to dismiss the indictment based on the failure of the prosecutor to instruct the grand jury on the defense of claim of right. Viewing the evidence before the grand jury in the light most favorable to the defendant (see People v Padgett, 60 NY2d 142, 144-145; People v Tunit, 149 AD3d 1110, 1111), there was no reasonable view of the evidence warranting an instruction on that defense (see People v Chang, 12 Misc 3d 134[A], 2006 NY Slip Op 51190[U] [App Term, 2d Dept, 9th & 10th Jud Dists]; see also People v Green, 5 NY3d 538, 543; People v Reid, 69 NY2d 469, 476-477).
In addition, viewing the evidence presented at trial in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's determination to permit the People to introduce into evidence a document created by the complainant reflecting a series of text messages between the complainant and the defendant. The complainant's testimony that the text messages were accurately and fairly reproduced was sufficient to authenticate the document (see People v Cotto, 164 AD3d 826; People v Javier, 154 AD3d 445; People v Green, 107 AD3d 915, 916-917; People v Agudelo, 96 AD3d 611, 612). Furthermore, the court acted within its discretion in permitting the People to call an expert witness to testify about the purpose of an escrow account and how it differs from other types of accounts, which, here, was helpful in clarifying issues beyond the ken of the typical juror (see People v Williams, 20 NY3d 579, 583-584; People v Dallas, 47 AD3d 725, 726). Likewise, the testimony of the People's witness who summarized voluminous records related to the escrow account was properly admitted (see People v Ramsundar, 138 AD3d 891, 892; People v Haque, 70 AD3d 967, 968). Moreover, the court providently exercised its discretion in precluding the defendant from cross-examining the complainant regarding her alleged mental health treatment. The defendant made no showing that the complainant suffered from any condition relevant to her ability to perceive and recall the events related to the crime committed against her (see People v Anaka, 154 AD3d 870).
Contrary to the defendant's contention, the Supreme Court's charge to the jury, viewed in its entirety, adequately explained the concepts of reasonable doubt and the People's burden of proof, and made it clear that the defendant bore no burden of proof (see People v Canty, 60 NY2d 830, 831-832; People v Jones, 173 AD2d 487).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court