People v Shoy (2019 NY Slip Op 09376)





People v Shoy


2019 NY Slip Op 09376


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


10655 2699/14

[*1] The People of the State of New York, Respondent,
v
Lorenzo Shoy, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Hunter Haney of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kristian D. Amundsen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered August 2, 2017, convicting defendant, after a jury trial, of attempted gang assault in the first degree (two counts) and assault in the third degree, and sentencing him to an aggregate term of 11 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. As to both victims, the evidence, including a surveillance videotape, established the element of intent to cause serious physical injury, as required for attempted first-degree gang assault. The evidence supporting the inference of defendant's intent was not limited to his own violent acts, but also included his acts of assisting others in committing more serious violence against the victims (see Matter of Juan J., 81 NY2d 739 [1992]). The evidence permitted the jury to reasonably infer that defendant was part of a group that surrounded the first victim, and that while some members of the group assaulted the victim, defendant and others prevented him from leaving (see People v Edmonds, 267 AD2d 19, 19 [1st Dept 1999], lv denied 94 NY2d 862 [1999]). The jury was also justified in finding that defendant kicked the second victim, and that this intentionally aided another participant in simultaneously inflicting more serious blows (see People v Bishop, 117 AD3d 430 [1st Dept 2014], lv denied 23 NY3d 1034 [2014]). We do not find that the jury's mixed verdict warrants a different result (see People v Rayam, 94 NY2d 557 [2000]).
The court's charge, viewed as a whole (see generally People v Umali, 10 NY3d 417, 426-427 [2008], cert denied 556 US 1110 [2009]; People v Drake, 7 NY3d 28, 33 [2006]), properly explained that in order to find defendant criminally liable for the conduct of others, the jury had to find that he acted with the requisite intent to commit the offense, and that he intentionally aided the others in such conduct. The court gave the jury a thorough and accurate explanation of the concept of acting in concert, in which it repeatedly emphasized that defendant's personal state of mind was controlling. At the point when the court used the term acting in concert while stating the elements of attempted gang assault, the jury had just been told exactly what acting in concert requires. As such, the jury could not have been misled to believe that the intent of another participant in the crime could satisfy the intent element. Finally, the court provided meaningful responses to notes from the deliberating jury.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK