People v Smith (2020 NY Slip Op 05781)





People v Smith


2020 NY Slip Op 05781


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2016-09202
 (Ind. No. 4522/14)

[*1]The People of the State of New York, respondent,
v
Jermaine Smith, appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (ShawnDya Simpson, J.), rendered July 13, 2016, convicting him of robbery in the second degree, assault in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged in a single indictment with two separate robberies that took place in Brooklyn. The defendant was charged with having, on May 12, 2014, approached the complainant while walking along a sidewalk and then punching a complainant in the face and snatching a chain from the complainant's neck. The second charge involved an incident on June 3, 2014, in which the defendant and another person, who was never apprehended, allegedly pepper-sprayed a complainant as he sat in his companion's vehicle, and then the defendant snatched a chain from the complainant's neck and a bracelet from his wrist. Plainclothes police officers, having observed the June 3, 2014 robbery, pursued the defendant and apprehended him. The defendant was transported to the police station house, where he was interviewed regarding the May 12, 2014 robbery and made certain statements.
The jury acquitted the defendant of the charges relating to the May 12, 2014 robbery and found him guilty of the charges relating to the June 3, 2014 robbery. On appeal, the defendant argues that the Supreme Court erred in denying his motion to sever the charges in connection with the robberies and that he was denied a fair trial as a result of the court's jury charge and the prosecutor's misconduct on voir dire, opening statement, and summation.
Two offenses are properly joinable in the same indictment when they are based upon different criminal transactions and "are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first" (CPL 200.20[2][b]), or they "are defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20[2][c]). A defendant may seek severance of counts joined under subsection (c) "in the interest of justice and for good cause shown" (CPL 200.20[3]). Good cause exists where, inter [*2]alia, there is "[s]ubstantially more proof on one or more such joinable offenses than on others and there is a substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense" (CPL 200.20[3][a]). However, where counts are properly joined under subsection (b), a court does not have the authority to sever the counts (see People v Bongarzone, 69 NY2d 892, 895; People v Lane, 56 NY2d 1, 7; People v Plass, 160 AD3d 771, 772).
We agree with the Supreme Court's determination to deny the defendant's motion pursuant to CPL 200.20 to sever the respective counts relating to the two robberies. The joinder of both robberies in a single indictment was proper under CPL 200.20(2)(b) in order to complete the narrative of all the events charged in the indictment and to provide necessary background information (see People v Morris, 21 NY3d 588, 594; People v Resek, 3 NY3d 385, 389; People v Molineux, 168 NY 264; People v Schultz, 128 AD3d 989, 990).
Contrary to the defendant's contention, the record supports the Supreme Court's refusal to deliver an adverse inference charge with regard to the jewelry that the police had returned to the complainant following the June 3, 2014 robbery in violation of Penal Law § 450.10(1). The People demonstrated that the statutory violation had not caused the defendant prejudice (see People v Baez, 175 AD3d 553, 555; People v Reyes, 27 AD3d 584).
The defendant failed to preserve for appellate review his contention that the Supreme Court erroneously charged the jury with respect to investigative techniques (see CPL 470.05[2]). Defense counsel raised no objection during the charge conference when the prosecutor requested the charge or following the jury charge, and the charge was not the basis for defense counsel's motion for a mistrial.
The defendant preserved for appellate review and did not waive his contention that the Supreme Court's charge on robbery in the second degree (Penal Law § 160.10[1]) was erroneous. We agree with the defendant that this instruction was erroneous (see People v Bishop, 117 AD3d 430; People v Green, 126 AD2d 105, 110, affd 71 NY2d 1006; cf. Penal Law § 20.00). However, the effect of the error was to impose a higher burden on the People, requiring them to show not just that the second person who approached the car on June 3, 2014, knowingly aided the defendant (see People v Green, 126 AD2d at 110), but shared the defendant's intent to forcibly rob the complainant. Thus, the error did not prejudice the defendant (see People v Bishop, 117 AD3d at 430).
The defendant's argument that he was denied his right to a fair trial as a result of the prosecutor's misconduct on voir dire, her opening statement, and her summation is only partially preserved for appellate review (see CPL 470.05[2]). In any event, the contention is without merit. The prosecutor's comments were either fair response to the evidence and the reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or within the broad scope of permissible rhetoric (see People v Vale, 177 AD3d 685; People v Anaka, 154 AD3d 870, 872; People v Martin, 27 AD3d 665, 665; see also People v Hale, 147 AD3d 975; People v Giuca, 58 AD3d 750).
It was inappropriate for the prosecutor to interrupt defense counsel's summation when she did, as the matter that she sought to raise at a sidebar conference was not of such gravity as to justify disruption of defense counsel's presentation. However, the defendant was not deprived of a fair trial by reason of the inappropriate interruption (see People v Bell, 136 AD3d 838, 839), and there was overwhelming evidence of the defendant's guilt with regard to the June 3, 2014 robbery, and no significant probability that the prosecutor's interruption may have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230; People v Canada, 157 AD2d 793).
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court