■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES I. HARRIS, Appellant. — Appeals by defendant from (1) a judgment of the Supreme Court, Queens County (Dubin, J.), rendered May 18, 1977, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) an order of the same court, dated October 16, 1978, denying his motion to vacate the judgment.

Judgment affirmed.

Appeal from order dated October 16, 1978 dismissed.

The defendant was charged with two counts of robbery in the first degree and with criminal possession of a weapon in the second degree arising from an incident which occurred on November 8, 1976 at a beer and soda store in Flushing, Queens. The evidence of defendant's guilt was overwhelming. Three witnesses inside the store described the robbery and identified the defendant as the perpetrator. The defendant was arrested only minutes after the robbery by police officers who were sitting in a police car parked outside the store and who chased and caught the defendant after one of the robbery victims alerted them that the crime had just occurred.

On appeal, defendant contends, *inter alia,* that his trial counsel's representation was ineffective, that the prosecutor's summation was so inflammatory that he was denied a fair trial and that the court's charge was improper. None of these contentions is persuasive. Faced with overwhelming evidence of guilt, trial counsel provided "meaningful" assistance (*People v Lane,* 60 NY2d 748, 750; *People v Baldi,* 54 NY2d 137). It cannot be said that counsel's performance produced a conviction that resulted from a "breakdown in the adversary process" rendering the resultant conviction unreliable (*Strickland v Washington,* 466 US __, __, 104 S Ct 2052, 2064). Nor are we persuaded that the prosecutor's summation was so improper or inflammatory that reversal is required. Several of the prosecutor's remarks were nonprejudicial, some others were better left unsaid. However, in view of the overwhelming proof of guilt, any error in the summation was harmless (*People v Crimmins,* 36 NY2d 230).

Lastly, we have reviewed the court's charge. Defense counsel did not object to the charge nor did he offer any requests to charge. Accordingly, any error of law was not preserved for review (CPL 470.05; *People v Cadorette,* 83 AD2d 908, affd 56 NY2d 1007; *People v Thomas,* 50 NY2d 467). In any event the charge was fair and not in any way prejudicial.

Defendant's appeal from the denial of his motion to vacate the judgment of conviction must be dismissed. Leave to appeal from that order was denied by a Justice of this court on January 11, 1980. In the absence of a certificate granting leave to appeal (CPL 460.15), this court is without jurisdiction. Titone, J. P., Mangano, Weinstein and Brown, JJ., concur.