OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We do not find error in the admission into evidence of declarant’s responses as excited utterances. The record clearly demonstrates that the statements were made before there was " 'time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance’ ” (People v Brown, 70 NY2d 513, 518, quoting People v Marks, 6 NY2d 67, 72). Declarant was critically wounded by the shotgun blast, physically and emotionally traumatized by the shooting and experiencing extreme pain. Although declarant faded in and out of consciousness, he was lucid at the time he made the statements.
Brown involved a 30-minute interval between the shooting and the declaration. Here, we are presented with a 2-to-2 Id-hour lapse of time. Nevertheless, given the other operative factors, declarant’s statements were admissible as excited utterances. We refuse to adopt a rule that fixes an "arbitrary limitation on the permissible period between the event and the excited utterance” (People v Brown, supra, at 520). Although, the statements at issue were induced by questions *879 posed by declarant’s nurse, they did not interrupt the stress and excitement of the shooting (see, People v Brown, supra, at 522; People v Edwards, 47 NY2d 493, 498-499).
Given the violent nature of the altercation and all the other circumstances surrounding the declarations, we cannot say that the trial court erred in admitting the statements as excited utterances.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.