■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered August 5, 1985, convicting him of attempted murder in the second degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends on appeal, *inter alia,* that his guilt was not proven beyond a reasonable doubt. We disagree. Viewing the evidence adduced at trial in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Although certain discrepancies existed in the testimony of some of the prosecution's witnesses, these inconsistencies were fully explored by the defense counsel and adequately brought to the jury's attention. Resolution of issues of credibility is primarily a question to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94), and its determination will not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). We conclude that the verdict was supported by the record and thus will not be disturbed.

The defendant further contends that the trial court erred in admitting testimony concerning his alleged participation in prior uncharged crimes. Evidence of collateral criminal acts may, however, be admissible to establish motive, intent, mistake, common scheme and identity *(see, People v Vails,* 43 NY2d 364; *People v Molineux,* 168 NY 264). The trial court properly admitted testimony concerning the defendant's joint participation with the victim in an uncharged theft and drug sale which occurred one day prior to the shooting. This testimony was admitted for the limited purpose of establishing that the defendant had a motive in shooting the victim and that he was aware that the victim was present in Nassau County on the day preceding the shooting.

Equally unavailing is the defendant's contention that the victim's statement "Pop shot me" was inadmissible on the ground that it constituted hearsay testimony. This statement, which implicated the defendant as the shooter, was made shortly after the complaining witness was shot in the back of the head and hand and "sprang instinctively from the stress and excitement caused by the shooting and followed so closely after that event as to preclude the opportunity for deliberation, fabrication or design" *(People v O'Neall,* 47 NY2d 952, 954; *see also, People v Brooks,* 71 NY2d 877; *People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Moreover, contrary to the defendant's contention, the fact that the victim identified his attacker in response to a question posed by his brother did not, under the circumstances, detract from the spontaneity of

the utterance *(see, People v Brooks, supra; People v Brown,* 70 NY2d 513; *People v Edwards,* 47 NY2d 493). Therefore, since the victim's statement did, in fact, constitute an excited utterance, the defendant's claim that the admission of this evidence violated the prohibition against the receipt of hearsay testimony is without merit.

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Kunzeman, Eiber and Spatt, JJ., concur.