■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered September 21, 1989, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered January 4, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that a statement may be admitted under the excited utterance exception to the rule against hearsay, provided that the declarant spoke "while under the stress or influence of the excitement caused by [an external] event, so that his reflective capacity was stilled" *(People v Nieves,* 67 NY2d 125, 135; *see, People v Brown,* 70 NY2d 513, 519; *People v Edwards,* 47 NY2d 493, 497). In determining the admissibility of such a statement, the trial court "must assess not only the nature of the startling event and the amount of time which has elapsed between the occurrence and the statement, but also the activities of the declarant in the interim to ascertain if there was significant opportunity to deviate from the truth. Above all, the decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection" *(People v Edwards, supra,* at 497; *see, People v Marks,* 6 NY2d 67, 71-72, *cert denied* 362 US 912). In this case, the defendant relies on the fact that the time lapse between the incident and the statements was not specifically deter-

mined at the pre-trial hearing on the issue. However, as noted by the Court of Appeals, there is no rule that "fixes an 'arbitrary limitation on the permissible period between the event and the excited utterance' " *(People v Brooks,* 71 NY2d 877, 878, quoting *People v Brown, supra,* at 520). The defendant ignores the arrival of the police officers at the scene within minutes of their receiving a radio communication concerning the shooting, and their observations regarding the victim's physical condition and capacity. The testimony adduced at the hearing established that the victim was shot seven times. He was bleeding profusely and in severe pain. His conversation did not come in a steady stream, being constantly interrupted by moans of pain. "Given the violent nature of the altercation and all the other circumstances surrounding the declarations", we find that the trial court properly admitted both statements made by the victim to the police, identifying the defendant as his killer *(People v Brooks, supra,* at 879).

The defendant's claim with regard to the trial court's charge to the jury is not preserved for appellate review (CPL 470.05 [2]), and we decline to review the issue in the exercise of our interest of justice jurisdiction. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.