■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORRIS EVANS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 14, 1988, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the contention of the defendant, the trial court did not err in admitting the victim's statements to his girlfriend and a police officer identifying the defendant as his assailant since the statements were admissible as excited utterances *(see, People v Edwards,* 47 NY2d 493; *see also,* Fisch, New York Evidence § 1000). The testimony established that the victim made his unsolicited statement to his girlfriend minutes after being shot in the stomach in their apartment. The testimony also established that the victim was bleeding, breathing heavily, perspiring, weak, dizzy, and expressing a desire to go to the hospital when the statement was made. Although the victim's statement to the police officer was made approximately 30 minutes later, the surrounding circumstances justify the conclusion that the statement was not made under the impetus of studied reflection and that the victim was still under the continuing stress and excitement of the shooting *(see, People v Edwards, supra; People v Brooks,* 71 NY2d 877; *People v Brown,* 70 NY2d 513). Moreover, the fact that the statement was made in response to an inquiry does

not warrant its exclusion *(see, People v Edwards, supra; People v Brooks, supra; People v Brown, supra)*.

Although the defendant argues that the absence of an identification charge constituted reversible error, the defendant's failure to request an identification charge or to except to the charge as given renders his argument unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Hesterbey,* 134 AD2d 615; *People v Rodriguez,* 130 AD2d 522; *People v McCorkle,* 119 AD2d 700). In any event, due to the overwhelming evidence of the defendant's guilt, there is no significant probability that, had the jury been given an identification charge, it would have acquitted the defendant *(see, People v Crimmins,* 36 NY2d 230; *People v Smith,* 100 AD2d 857). Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.