THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMIL SORENSON, Appellant. [639 NYS2d 430]

Viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The People also disproved his alibi defense beyond a reasonable doubt (*see, People v Campbell*, 70 NY2d 724). The People presented, *inter*

*alia,* the testimony of eyewitnesses who identified the defendant as the driver of a blue, four-door Oldsmobile, the same type of car involved in this hit-and-run accident. More particularly the defendant was seen driving the car at an excessive speed, at about the time of the incident only about a block away from the site. They also presented evidence of an admission by the defendant to the hit-and-run incident, made to his cousin following the incident, and of a spontaneous admission blurted out by the defendant to a police officer three years following the incident when a car in which he was a passenger was pulled over for traffic violations. The credibility of the defendant's alibi witnesses was a question of fact for the jury to determine (*see, People v Bigelow,* 106 AD2d 448). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The record supports the trial court's denial of the defendant's motion pursuant to CPL 330.30. The defendant failed to establish by a preponderance of the evidence that the evidence he offered in support of this motion could not have been discovered prior to trial and that it would probably, not merely possibly, change the result if a retrial were granted (*see,* CPL 330.30 [3]; *People v Aulla,* 207 AD2d 497).

We note that in the absence of a certificate granting leave to appeal from the denial of the defendant's motion to vacate the judgment of conviction, this Court is without jurisdiction to consider his purported appeal therefrom (*see, People v Harris,* 107 AD2d 761).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Santucci and Krausman, JJ., concur.