■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL PIERRE, Appellant. [838 NYS2d 546]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered May 12, 2005, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's argument regarding the sufficiency of the evidence corroborating the testimony of defendant's accomplice is unpreserved and we decline to review it in the interest of justice. Were we to review this issue, we would find that the testimony was sufficiently corroborated (see People v Breland, 83 NY2d 286, 292-294 [1994]; People v Glasper, 52 NY2d 970, 971 [1981]). Scientific proof established that the victim had been pregnant with defendant's child, and extensive evidence established that the motive for the murder was the victim's refusal to terminate her pregnancy. Furthermore, on the night the victim disappeared and was, according to the accomplice, killed by defendant, she made numerous calls and sent numerous text messages to defendant, who also admitted to the police that she was on her way to see him that night. Moreover, there was competent evidence that, on more than one occasion, defendant had threatened the victim with harm because of the pregnancy. The verdict was also not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Bleakley, 69 NY2d 490, 495 [1987]).

The court properly charged the jury on accessorial liability. While it was the People's theory that defendant had killed the victim himself and was assisted by the accomplice only in disposing of the body, there was some evidence—elicited by the defense on cross-examination—that she may have been killed by the accomplice. However, the circumstantial evidence supports the inference that if the accomplice killed the victim, he did so at the behest of and in cooperation with defendant. There was no evidence that the accomplice had any motive to kill the victim, with whom he had, at most, a minor acquaintance. Furthermore, as previously stated, she was on her way to see defendant, who

did have a motive to kill her. The jury could have reasonably credited some portions of the People's case and discredited other portions. Under these circumstances, there was a reasonable view of the evidence to support the charge.

Since the hearsay evidence offered by defendant lacked sufficient indicia of reliability, the court properly rejected defendant's argument that his constitutional right to present a defense required its admission (*see Chambers v Mississippi*, 410 US 284 [1973]; *People v Robinson*, 89 NY2d 648, 654 [1997]). The evidence consisted of police reports regarding what two men, who were homeless and unavailable as witnesses, had stated about their beliefs regarding when the body was deposited, in a plastic bag, in an area of garbage. Since defendant had a verifiable alibi for a certain time frame, the statements of the two men were exculpatory if they tended to establish that the body was deposited during that period. However, the police reports demonstrate that the two men (one of whom admitted to being intoxicated at the time of his observation), gave highly unreliable estimates of the day on which they supposedly first noticed the particular garbage bag in question.

The court properly received, as an admission, an Internet instant message in which defendant told the victim's cousin that he did not want the victim's baby. Although the witness did not save or print the message, and there was no Internet service provider evidence or other technical evidence in this regard, the instant message was properly authenticated, through circumstantial evidence, as emanating from defendant (*see United States v Siddiqui*, 235 F3d 1318, 1322-1323 [11th Cir 2000], *cert denied* 533 US 940 [2001]; *cf. People v Lynes*, 49 NY2d 286, 291-293 [1980]; *People v Hamilton*, 3 AD3d 405 [2004], *mod on other grounds* 4 NY3d 654 [2005]). The accomplice witness, who was defendant's close friend, testified to defendant's screen name. The cousin testified that she sent an instant message to that same screen name, and received a reply, the content of which made no sense unless it was sent by defendant. Furthermore, there was no evidence that anyone had a motive, or opportunity, to impersonate defendant by using his screen name.

Defendant did not preserve his challenges to the authentication of another instant message, and to a message left by the defendant on the victim's phone, each of which threatened to harm the victim in the event the victim revealed her pregnancy to defendant's family, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the second instant message was sufficiently authenti-

cated by the same type of circumstantial evidence as the first instant message, and that the phone message was sufficiently authenticated by testimony that the witness who heard the message recognized defendant's voice (*see People v Lynes*, 49 NY2d at 291).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, Sweeny, McGuire and Kavanagh, JJ.