Emmanuel PIERRE, Petitioner,

v.

Robert ERCOLE, Respondent.

No. 08 Civ. 10849(LAK).

United States District Court,
S.D. New York.

Jan. 28, 2009.

Emmanuel Pierre, Stormville, NY, pro se.

**ORDER**

LEWIS A. KAPLAN, District Judge.

Petitioner Emmanuel Pierre seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He now seeks to stay the proceeding until he has exhausted his state court remedies.

*Background*

On May 12, 2005, petitioner was convicted by a jury in the Supreme Court of the State of New York, New York County, of one count of murder in the second degree and sentenced principally to a term of imprisonment of twenty-five years to life. He appealed to the Appellate Division, asserting five grounds for relief. The Appellate Division affirmed the conviction on June 21, 2007.[1] The New York Court of Appeals denied leave on August 30, 2007.[2] Petitioner's conviction became final ninety days later because he did not file a petition

---

1. *People v. Pierre,* 41 A.D.3d 289, 838 N.Y.S.2d 546 (1st Dep't 2007).

2. *People v. Pierre,* 9 N.Y.3d 880, 842 N.Y.S.2d 792, 874 N.E.2d 759 (2007).

for a writ of certiorari.[3] The instant petition, dated November 20, 2008 and mailed from Greenhaven Correctional Facility on November 24, 2008, therefore is timely.[4]

### Discussion

Petitioner states he has "filed no other petitions, application[s], or motion[s]" with respect to his conviction "in any court, State or Federal" and that he brings this petition "on the same grounds as was submitted in the state court."[5] He attaches a list of these claims to the petition. Nonetheless, he asks this Court to stay his petition while he seeks to exhaust his state remedies.

 "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ."[6] A habeas petitioner satisfies the exhaustion requirement if he has presented his claims for post-conviction relief to the highest court of the state.[7] He may do so either by "raising the federal claim on direct appeal to the state's highest court *or* by collateral attack of the conviction and subsequent appeal of the denial of that application to the state's highest court."[8] For a claim to be exhausted, "the state court must be fairly apprised that petitioner is raising a federal constitutional claim and of the factual and legal premises underlying the claim."[9] By asserting the same five grounds for relief on direct appeal that the petitioner asserts here, petitioner has exhausted his state court remedies. There is no need for a stay.

It is possible, however, that petitioner seeks to assert other grounds for relief which he did not raise on direct appeal and has not identified in his petition. If any such claims exist, they presumably would be unexhausted, and thus a grant of a stay might be appropriate.

 The Court notes, however, that if petitioner does intend to raise additional claims he first must request leave from this Court to file an amended petition stating these claims. Furthermore, the one year statute of limitations for filing a petition for habeas relief has now expired. Thus, any new claims would be untimely unless they "relate back" to those asserted in the original petition.[10] In other words, the new claims must arise out of the same "conduct, transaction, or occurrence" as the claims in the original petition.[11] That both claims challenge the same conviction is not enough; an amendment will not relate back if it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."[12]

Should petitioner seek leave to amend his petition to assert claims that relate back to those asserted originally, petition-

---

**3.** *See* 28 U.S.C. § 2244(d)(1); Sup. Ct. R. 13.

**4.** *See* 28 U.S.C. § 2244(d)(1) (imposing one year limitation period running from date "on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

**5.** Pet. at 3.

**6.** 28 U.S.C. § 2254(b)(1)(A).

**7.** *See Grey v. Hoke,* 933 F.2d 117, 119 (2d Cir.1991).

**8.** *Harris v. Hollins,* No. 95 Civ. 4376, 1997 WL 5909, at *2 (S.D.N.Y. Jan. 7, 1997) (emphasis added).

**9.** *Grey,* 933 F.2d at 119.

**10.** *See Mayle v. Felix,* 545 U.S. 644, 649, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

**11.** Fed.R.Civ.P. 15(c)(1)(B).

**12.** *Mayle,* 545 U.S. at 650, 125 S.Ct. 2562.

er then may request the Court to stay the amended petition while he exhausts the new claims. This Court may do so only if: (a) good cause exists for the petitioner's failure to exhaust his claims in state court; (b) the unexhausted claims are potentially meritorious; and (c) the petitioner did not engage in intentionally dilatory litigation tactics.[13]

### Conclusion

Petitioner has not asserted any unexhausted claims. The Court denies petitioner's application for a stay without prejudice to renewal as indicated above. Any motion for leave to amend the petition shall be filed no later than March 6, 2009.

SO ORDERED.

---

**13.** *See Rhines v. Weber,* 544 U.S. 269, 277–78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).