Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered June 17, 2010, convicting him of burglary in the first degree, rape in the first degree, unlawful imprisonment in the first degree, and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification evidence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, viewing the evidence in the light most favorable to the prosecution (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the element of forcible compulsion (see Penal Law § 130.35 [1]). “Incredibility as a matter of law may result [w]hen all of the evidence of guilt comes from a single prosecution witness who gives irreconcilable testimony pointing both to guilt and innocence, because in that event the jury is left without basis, other than impermissible speculation, for its determination of either” (People v Calabria, 3 NY3d 80, 82 [2004] [internal quotation marks omitted]; see People v Fratello, 92 NY2d 565, 573 [1998]; People v Jackson, 65 NY2d 265, 272 [1985]). Here, the minor discrepancies between the complainant’s testimony and her two statements to the police, and between the two statements themselves, did not render her testimony incredible as a matter of law, but merely raised issues for resolution by the jury (see People v Wilson, 50 AD3d 711 [2008]; People v Sedney, 6 AD3d 632, 633 [2004]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d at 348; People v *916 Romero, 7 NY3d 633 [2006]). The discrepancies between the complainant’s prior statements to the police and her trial testimony were “fully explored by the defense counsel and adequately brought to the jury’s attention” (People v Johnson, 139 AD2d 594, 595 [1988]; see People v Reid, 82 AD3d 1268 [2011] ; People v Bigelow, 106 AD2d 448, 450 [1984]), and presented “questions of fact for the jury, to be determined, not only from the words, but also from the demeanor, interest and motives of the witnesses” (People v Bigelow, 106 AD2d at 450 [internal quotation marks omitted]; see People v Jean-Marie, 67 AD3d 704, 705 [2009]; People v Sorenson, 225 AD2d 566, 567 [1996]; People v Casseus, 199 AD2d 525, 526 [1993]). The credibility determination reflected in the jury’s verdict was supported by the record.
Contrary to the defendant’s contention, the hearing court did not err in denying that branch of his omnibus motion which was to suppress his identification by the complainant as having been tainted by the photographic array shown her by the police. “In determining whether a photographic array was unduly suggestive the hearing court should consider whether there was any substantial likelihood that the defendant would be singled out for identification” (People v Burroughs, 98 AD3d 583, 583 [2012] [internal quotation marks omitted]; see People v Chipp, 75 NY2d 327, 336 [1990]; People v Dunlap, 9 AD3d 434, 435 [2004]). While the People concede that the background in the defendant’s photograph is lighter than that in the other five photographs, it cannot be said that this difference rendered the array unduly suggestive, particularly since the photographs showed “full views of individuals who were substantially similar in appearance to the defendant” (People v Tedesco, 143 AD2d 155, 156 [1988]; see People v Boria, 279 AD2d 585, 586 [2001]; People v Sawyer, 253 AD2d 501 [1998]; People v Martin, 245 AD2d 308 [1997]; People v Guzman, 220 AD2d 614, 615 [1995]; People v Emmons, 123 AD2d 475, 476 [1986]).
Likewise, the text messages from the defendant to the complainant were properly admitted into evidence. Since the content of the text messages “made no sense unless [they were] sent by defendant” (People v Pierre, 41 AD3d 289, 291 [2007]), the text messages themselves were sufficient to authenticate that they were sent by the defendant (see id. at 291). As to the authenticity of the photographs of the text messages, the complainant’s testimony that they were, indeed, “actual photographs of the screen of [her] telephone,” and that she saw the detective taking the photographs, was sufficient to establish “that the [text messages had] been accurately and fairly *917 reproduced,” thereby providing a foundation for admission of the photographs (People v McGee, 49 NY2d 48, 60 [1979]; see People v Arena, 48 NY2d 944, 945 [1979]).
There is no merit to the defendant’s contention, raised in his pro se supplemental brief, that he was denied the effective assistance of counsel. To the contrary, it is clear from the record that he was afforded meaningful representation at every stage of the proceedings (see People v Caban, 5 NY3d 143, 152 [2005]; People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]). In light of the DNA proof and text messages, trial counsel reasonably chose to pursue the defense that the defendant and the complainant had engaged in consensual sex.
The remaining arguments in the defendant’s pro se supplemental brief are unpreserved for appellate review and, in any event, without merit. Rivera, J.P, Leventhal, Sgroi and Lott, JJ., concur.