The People of the State of New York, Respondent, v Patrick Hughes, Appellant. [981 NYS2d 158]—

Rose, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered June 5, 2012 in Albany County, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child, rape in the first degree, rape in the second degree and endangering the welfare of a child (three counts).

When the police located defendant's 16-year-old stepdaughter after she ran away from home, she told them that she had been subjected to physical and sexual abuse by the 39-year-old defendant. He then voluntarily spoke with police and, in a video-recorded interview, gave a written statement in which he admitted that he had "disciplined" the victim by making her fellate him and have sexual intercourse with him on at least four separate occasions. As a result, defendant was charged with predatory sexual assault against a child, rape in the first degree, rape in the second degree and three counts of endangering the welfare of a child. Following a jury trial, he was convicted as charged and Supreme Court sentenced him to an aggregate prison term of 50 years to life. Defendant now appeals.

Contrary to defendant's contention, the conviction for predatory sexual assault against a child is based on legally sufficient evidence of the time period when the underlying crime occurred (*see* Penal Law § 130.96). As alleged in the indictment and charged to the jury, this count required proof that defendant committed the underlying crime of rape in the first degree between June 23, 2006 and September 6, 2006, when the victim was less than 13 years old (*see* Penal Law § 130.35 [4]). The victim testified that the first incident of sexual intercourse occurred in the summer before she started sixth grade, which was shown to be during the time period charged and thereby

established when the sexual intercourse was alleged to have occurred.

We also reject defendant's claim that the jury's verdict was contrary to the weight of the evidence. The video recording of his interview with the police makes clear that he was not coerced and it belies his characterization of his admissions as equivocal and unreliable. While he initially denied the allegations during the interview and then claimed that he had had a drinking problem that prevented him from remembering anything, he soon admitted to oral sexual conduct and sexual intercourse with the victim and described it as a way of disciplining her. Significantly, he provided his interviewers with telling details concerning occasions and locations that they had not previously disclosed to him during the course of the interview. For her part, the victim testified unequivocally as to the acts of physical and sexual abuse perpetrated by defendant against her, and the issue of her own credibility was fully explored at trial. Defendant also testified on his own behalf, but the jury rejected his denial that any of the previously admitted conduct had actually occurred and his improbable claim that he had merely told police what they wanted to hear in the confused hope that they would release him and then vindicate him after further investigation. According great deference to the jury's opportunity to view the witnesses, hear their testimony and observe their demeanor, we can find no basis to disturb its verdict as against the weight of the evidence (*see People v Sorrell*, 108 AD3d 787, 789-790 [2013]; *People v Hayes*, 104 AD3d 1050, 1053 [2013], *lv denied* 22 NY3d 1041 [2013]; *People v Reynolds*, 81 AD3d 1166, 1167 [2011], *lv denied* 16 NY3d 898 [2011]).

Nor can we agree with defendant's contention—preserved by means of an oral motion in limine—that the sole aim of the testimony of a child protective services caseworker was to improperly bolster the victim's testimony. The entire extent of the caseworker's testimony regarding the victim's prior consistent statements was that "[s]he was reporting that she was sexually abused by [defendant] from the age, I believe, of ten till approximately eighth grade." The main purpose of this testimony was to describe the victim's fearful reaction to learning that defendant was nearby in the police station and to describe the reaction of the victim's mother to the caseworker's report to her of her daughter's allegations. According to the caseworker, the victim's mother, to whom the victim had previously complained of the abuse to no avail, had discredited and disregarded the victim's allegations. This testimony was rele-

vant to explain the victim's apparent delay in disclosing the abuse. Even if we were to consider the caseworker's testimony to constitute improper bolstering, her repetition of the victim's allegation was brief in the overall context of her testimony, the People did not rely on it as direct evidence of defendant's guilt and, given the overwhelming nature of the evidence, including defendant's own written statement and the video recording of his interview with the police, any error in its admission would be harmless (*see People v Grady*, 40 AD3d 1368, 1373 [2007], *lv denied* 9 NY3d 923 [2007]; *People v Dunn*, 204 AD2d 919, 921 [1994], *lv denied* 84 NY2d 907 [1994]).

Defendant's similar argument that two police witnesses also engaged in improper bolstering was not preserved for our review by an appropriate objection at trial. Were we to review it, however, we would find that this testimony was limited to a brief repetition of the general allegation of sexual abuse made by the victim, without reference to any time frame or other details. It was given only as background information to explain the actions of the police and was not relied on by the People as direct evidence of defendant's guilt (*see People v Galloway*, 93 AD3d 1069, 1072 [2012], *lv denied* 19 NY3d 996 [2012]; *People v Terry*, 85 AD3d 1485, 1488 n 3 [2011], *lv denied* 17 NY3d 862 [2011]; *see also People v Shepherd*, 83 AD3d 1298, 1301 [2011], *lv denied* 17 NY3d 809 [2011]).

Photographs of text messages sent from defendant's cell phone to the victim were properly authenticated and we find no error in their admission. " '[A]uthenticity is established by proof that the offered evidence is genuine and that there has been no tampering with it,' and '[t]he foundation necessary to establish these elements may differ according to the nature of the evidence sought to be admitted' " (*People v Clevenstine*, 68 AD3d 1448, 1450 [2009], *lv denied* 14 NY3d 799 [2010], quoting *People v McGee*, 49 NY2d 48, 59 [1979]). Here, the People produced testimony from a Verizon employee confirming that text messages had been sent between certain phone numbers, the victim identified the phone numbers as belonging to her and defendant, and she identified the photographs as depicting text messages she received from him. Defendant's testimony that someone else could have sent the messages from his phone presented a factual issue for the jury, and we discern no basis for setting the jury's determination aside (*see People v Green*, 107 AD3d 915, 916-917 [2013]; *People v Clevenstine*, 68 AD3d at 1451).

Nor are we persuaded by defendant's argument that the expert testimony concerning how children respond to sexual

abuse should have been precluded. It is well settled that testimony to explain the range of behaviors of sexually abused children—including why they may delay in reporting sexual abuse—may be admitted as beyond the ordinary understanding of the average juror (*see People v Carroll*, 95 NY2d 375, 387 [2000]). Here, the People's expert testified about these behaviors generally in an effort to counter negative inferences urged by defendant's counsel and did not attempt to impermissibly prove that the victim had been sexually abused (*see People v Spicola*, 16 NY3d 441, 465 [2011], *cert denied* 565 US —, 132 S Ct 400 [2011]; *People v Rich*, 78 AD3d 1200, 1202 [2010], *lv denied* 17 NY3d 799 [2011]; *People v Gregory*, 78 AD3d 1246, 1247 [2010], *lv denied* 16 NY3d 831 [2011]).

Defendant's challenge to the sixth count of the indictment charging endangering the welfare of a child as being duplicitous is also without merit. By its nature, the crime of endangering the welfare of a child "may be committed either by one act or by multiple acts and readily permits characterization as a continuing offense over a period of time" (*People v Keindl*, 68 NY2d 410, 421 [1986]). The general rule that a count is duplicitous if it charges more than one crime "does not apply to continuing crimes, such as . . . endangering the welfare of a child" (*People v Dalton*, 27 AD3d 779, 781 [2006], *lv denied* 7 NY3d 754 [2006]). Here, the count properly set forth allegations that defendant had repeatedly subjected family members, including a pet, to physical abuse in the presence of the victim (*see People v Chilson*, 285 AD2d 733, 734 [2001], *lv denied* 97 NY2d 640 [2001]; *People v Dunavin*, 173 AD2d 1032, 1033 [1991], *lv denied* 78 NY2d 965 [1991]).

Defendant's remaining arguments were not preserved for our review (*see* CPL 470.05 [2]), and their inclusion in his posttrial CPL 330.30 motion is insufficient to preserve them as issues for appeal (*see People v Padro*, 75 NY2d 820, 821 [1990]; *People v Richard*, 30 AD3d 750, 755 [2006], *lv denied* 7 NY3d 869 [2006]). In any event, were we to address them, we would find them to be without merit. Accordingly, the failure to raise these objections at trial did not deprive defendant of meaningful representation (*see People v Sudler*, 75 AD3d 901, 906 [2010], *lv denied* 15 NY3d 956 [2010]). Rather, the record reveals that trial counsel made appropriate pretrial motions, presented cogent opening and closing statements, pursued a reasonable defense, vigorously cross-examined the People's witnesses, presented an expert to rebut the People's expert witness and raised appropriate objections throughout the trial. Viewing the totality of the circumstances, we conclude that defendant received the

effective assistance of counsel (*see People v Green*, 108 AD3d 782, 786 [2013], *lv denied* 21 NY3d 1074 [2013]; *People v Sorrell*, 108 AD3d at 794; *People v Terry*, 85 AD3d at 1488-1489).

Finally, we find no merit to defendant's contention that his sentence was harsh and excessive. Given the relationship between defendant and his young victim, the length of time over which he sexually abused her, his admission that he did so as a form of discipline, together with his prior criminal history, we cannot say that Supreme Court abused its sentencing discretion. Nor do we find extraordinary circumstances warranting modification in the interest of justice (*see People v Jabaut*, 111 AD3d 1140, 1148 [2013]; *People v Warner*, 110 AD3d 1339, 1340-1341 [2013]; *People v Shultis*, 61 AD3d 1116, 1118 [2009], *lv denied* 12 NY3d 929 [2009]; *People v Greene*, 13 AD3d 991, 993-994 [2004], *lv denied* 5 NY3d 789 [2005]).

Peters, P.J., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed. 