People v Cotto (2018 NY Slip Op 05861)





People v Cotto


2018 NY Slip Op 05861


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-04565
 (Ind. No. 202/15)

[*1]The People of the State of New York, respondent,
v
Jose Cotto, appellant.


Martin Geduldig, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Brian Witthuhn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William J. O'Brien, J.), rendered March 17, 2017, as amended March 31, 2017, convicting him of burglary in the first degree, burglary in the second degree, criminal contempt in the first degree (two counts), criminal contempt in the second degree (four counts), menacing in the second degree, criminal trespass in the second degree, criminal mischief in the fourth degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633).
Photographs of text messages between the defendant and the complainant were properly admitted into evidence (see People v Green, 107 AD3d 915, 916; People v Pierre, 41 AD3d 289, 291). The complainant's testimony that the photographs of the text messages fairly and accurately depicted the text message conversation between her and the defendant was sufficient to authenticate the photographs (see People v Green, 107 AD3d at 916).
Since the defendant introduced evidence of his good character, the Supreme Court erred in denying his request for a character evidence charge (see People v Aharonowicz, 71 NY2d 678; see also CJI[NY] Character Evidence Charge). However, the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to the convictions (see People v Crimmins, 36 NY2d 230, 241-242).
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court