People v Partridge (2019 NY Slip Op 04848)





People v Partridge


2019 NY Slip Op 04848


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


670 KA 17-00691

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES PARTRIDGE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered October 14, 2016. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, course of sexual conduct against a child in the first degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of predatory sexual assault against a child and dismissing count one of the indictment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of predatory sexual assault against a child (Penal Law § 130.96), course of sexual conduct against a child in the first degree (§ 130.75 [1] [b]), and endangering the welfare of a child (§ 260.10 [1]). He contends that the conviction of predatory sexual assault against a child is not supported by legally sufficient evidence that he committed the underlying predicate crime—course of sexual conduct against a child in the first degree—in the relevant time frame. We agree with defendant, and we therefore modify the judgment accordingly.
Contrary to the People's contention, defendant's challenge to the sufficiency of the evidence is preserved for our review inasmuch as defendant raised that particular deficiency in his motion for a trial order of dismissal, which he properly renewed at the close of all proof, thus allowing County Court to "specifically confront[] and resolve[]" the issue (People v Feingold, 7 NY3d 288, 290 [2006]; see generally People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Gray, 86 NY2d 10, 19 [1995]).
As relevant here, a person is guilty of predatory sexual assault against a child "when, being [18] years old or more, he . . . commits the crime of . . . course of sexual conduct against a child in the first degree . . . and the victim is less than [13] years old" (Penal Law § 130.96). "A person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration . . . he . . . being [18] years old or more, engages in two or more acts of sexual conduct, which include at least one act of[, inter alia,] . . . anal sexual conduct . . . with a child less than [13] years old" (§ 130.75 [1] [b]).
The crime of predatory sexual assault against a child became effective June 23, 2006 (see L 2006, ch 107, § 2). Initially, the indictment, as supplemented by the bill of particulars, charged defendant with predatory sexual assault against a child based on the alleged commission of course of sexual conduct against a child in the first degree that occurred at defendant's various residences between October 20, 2001 and October 19, 2007, which was the day before the victim turned 13 years old. Given the effective date of the statute, the time period in which it was alleged that defendant committed course of sexual conduct against a child in the first degree was [*2]narrowed for the jury's consideration to having occurred between June 23, 2006 and October 19, 2007.
Viewing the evidence in the light most favorable to the People (see People v Reed, 22 NY3d 530, 534 [2014], rearg denied 23 NY3d 1009 [2014]), we conclude that no rational person could conclude that the trial evidence was legally sufficient to establish that defendant committed predatory sexual assault against a child during the aforementioned time frame. The People were required to prove that defendant committed course of sexual conduct against a child in the first degree at a particular residence where he lived at that time, and to further prove that the crime occurred during the relevant time period, i.e., between June 23, 2006 and October 19, 2007, and not at a time before the statute's effective date or after the victim turned 13 years old. Testimony that such conduct happened at defendant's particular residence, by itself, is unavailing, because defendant resided at that residence for a period of four and a half years before June 23, 2006 and about a year after October 19, 2007. The People failed to offer any evidence, however, that specified when defendant committed the crime of course of sexual conduct against a child in the first degree at that residence.
Without narrowing the time frame, it is entirely possible that the testified-to instances of anal sexual conduct that allegedly occurred at that residence happened before the statute's effective date or after the victim turned 13 years old. The People also failed to establish that the criminal conduct occurred over a period of time not less than three months in duration (see Penal Law §§ 130.96, 130.75 [1]). In short, there were no "markers" in the evidence at trial about when the conduct occurred that would allow the jury to conclude that defendant committed predatory sexual assault against a child at the relevant time (cf. People v Thornton, 141 AD3d 936, 937-938 [3d Dept 2016], lv denied 28 NY3d 1151 [2017]; People v Hughes, 114 AD3d 1021, 1021-1022 [3d Dept 2014], lv denied 23 NY3d 1038 [2014]).
In light of our determination, we need not consider defendant's contention that the verdict with respect to predatory sexual assault against a child is against the weight of the evidence and defendant's contention that the proof at trial on this count impermissibly varied from the indictment.
To the extent that defendant's contention that he received ineffective assistance of counsel is based on matters outside the record, his contention must be raised via a motion pursuant to CPL article 440 (see generally People v Johnson, 81 AD3d 1428, 1428 [4th Dept 2011], lv denied 16 NY3d 896 [2011]). Nevertheless, to the extent that we are able to review the remaining instances of allegedly ineffective assistance of counsel on the record before us, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v McClary, 162 AD3d 1582, 1583 [4th Dept 2018]).
Finally, we conclude that the sentence imposed on the remaining counts of the indictment is not unduly harsh or severe.
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court