People v Thompson (2019 NY Slip Op 06104)





People v Thompson


2019 NY Slip Op 06104


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-00207
 (Docket No. 2015KN040054)

[*1]The People of the State of New York, respondent,
v
Epiphany Thompson, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Kobre & Kim LLP [Alana F. Montas], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bruce M. Balter, J.), rendered August 11, 2016, convicting her of attempted assault in the third degree, menacing in the third degree, and harassment in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record indicates that the Supreme Court, as trier of fact, considered the defendant's justification defense. Upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633). The discrepancies between the complainant's prior statements to the police and his trial testimony, and between the testimony of the complainant and that of his wife, were fully explored by defense counsel and adequately brought to the court's attention, "and presented questions of fact for the [fact-finder], to be determined, not only from the words, but also from the demeanor, interest and motives of the witnesses" (People v Green, 107 AD3d 915, 916 [internal quotation marks omitted]; see People v Jones, 229 AD2d 597, 597; People v Johnson, 139 AD2d 594, 595). Further, "[t]he issue of justification presented a question of credibility that the [court] resolved in favor of the People" (People v Hairston, 167 AD3d 935, 936; see People v Jackson, 293 AD2d 488, 488; People v O'Brien, 270 AD2d 433, 434). The court did not credit the defendant's testimony asserting that she acted in self-defense, and we see no basis to disturb the court's resolution of this credibility issue.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court