People v Rodriguez (2020 NY Slip Op 05944)





People v Rodriguez


2020 NY Slip Op 05944


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-01284
 (Ind. No. 2532/15)

[*1]The People of the State of New York, respondent,
v
Luis A. Rodriguez, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jill A. Gross-Marks of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered January 12, 2017, convicting the defendant of attempted use of a child in a sexual performance, disseminating indecent material to a minor in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the first and second counts of the indictment, charging the defendant with attempted use of a child in a sexual performance (Penal Law §§ 110.00, 263.05) and disseminating indecent material to a minor in the first degree (Penal Law § 235.22), respectively, are dismissed, with leave to the People to re-present any appropriate charges to a new Grand Jury (see People v Gonzalez, 61 NY2d 633, 635), and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
The defendant was charged with attempted use of a child in a sexual performance, disseminating indecent material to a minor in the first degree, and endangering the welfare of a child, stemming from allegations that he engaged in sexual text message conversations with the 15-year-old complainant between October 1, 2014, and November 12, 2014. After a jury trial, the defendant was convicted of all counts.
Upon the exercise of our factual review power (see CPL 470.15[5]), we find that, while an acquittal would not have been unreasonable in this case, the verdict of guilt was not against the weight of the evidence (see People v Tavarez, 155 AD3d 783). Nevertheless, the judgment of conviction should be reversed as a result of evidentiary errors committed by the trial court.
Under the unusual circumstances of this case, the admission into evidence of five screenshots purporting to depict selected portions of a text message conversation between the defendant and the complainant was improper. Contrary to the People's contention, the text messages themselves were insufficient to establish the defendant's identity as their author (see People v Green, 107 AD3d 915, 916). Nor was the complainant's testimony, standing alone, sufficient to establish this disputed fact, particularly since, according to the People's own witnesses, part of the conversation depicted by the subject screenshots allegedly took place while the complainant's [*2]unlocked phone was in the possession of her former boyfriend, who had locked himself in a separate room and was texting the defendant using the complainant's phone, at times threatening the defendant and asking him for money. While the complainant herself testified that she deleted all of the messages and reset her phone immediately after recovering it from the former boyfriend, she also testified that her messages were stored in her iCloud account, and that she provided the police with her iCloud password. Yet the People offered no evidence that the police ever checked either the defendant's phone or the complainant's iCloud account to determine the identity of the participants in the conversation. Under these circumstances, the admission into evidence of the disputed screen shots—all of which were taken by the former boyfriend—was error (cf. People v Dicks, 100 AD3d 528; People v Lofton, 226 AD2d 1082). As the evidence of the defendant's guilt was not overwhelming, a new trial is required (see People v Crimmins, 36 NY2d 230, 241-242).
Contrary to the People's contention, the defendant did not waive his contention that the first and second counts of the indictment were rendered duplicitous by the testimony adduced at trial (compare People v Peters, 79 AD3d 1274, People v Booker, 63 AD3d 750, 751, and People v Retti, 224 AD2d 333, with People v Gonzalez, 187 AD2d 607; see generally People v Prescott, 66 NY2d 216, 219). However, the issue is unpreserved for appellate review (see CPL 470.05[2]; People v Becoats, 17 NY3d 643, 650; People v Gonzalez, 187 AD2d 607). Nevertheless, since there must, in any event, be a new trial, and the People concede that the contention that those counts were duplicitous is meritorious, we reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]). Accordingly, we dismiss counts one and two of the indictment with leave to the People to re-present any appropriate charges to a new grand jury (see CPL 470.15[6][a]).
In light of our determination, we need not reach the defendant's contention that the sentence imposed was excessive.
MASTRO, J.P., CHAMBERS, and BRATHWAITE NELSON, JJ., concur.
RIVERA, J., dissents, and votes to affirm the judgment, with the following memorandum, in which ROMAN, J., concurs:
Between October 1, 2014, and November 12, 2014, the defendant exchanged multiple text messages with the then 15-year-old complainant. Many of the text messages were disturbing and sexual in nature. For example, the defendant described certain sexual acts he wished to perform with the complainant, and requested that the complainant send him naked photographs of herself. In addition, the defendant sent the complainant a video recording of himself masturbating. During the relevant time period, the defendant was the complainant's high school volleyball coach. Following a jury trial, the defendant was convicted of attempted use of a child in a sexual performance, disseminating indecent material to a minor in the first degree, and endangering the welfare of a child.
I do not concur with my colleagues in the majority that the judgment of conviction should be reversed. Instead, I would affirm the judgment in its entirety.
Although I agree that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633), I find no error in the admission into evidence of screenshots depicting portions of text message conversations between the defendant and the complainant.
At the trial, the People's evidence established that more than 200 communications, which included text messages and telephone calls, were sent between cellular telephone numbers identified as belonging to the defendant and the complainant. The complainant identified the subject screenshots as being text messages that the defendant sent to her cellular phone on November 7, 2014. She described, in detail, the criminal events at issue and identified the defendant as the actor/perpetrator who sent the subject messages. The aforementioned evidence was sufficient to provide a proper foundation for admission of these screenshots (see People v McGee, 49 NY2d 48, 60; People v Arena, 48 NY2d 944, 945; People v Green, 107 AD3d 915, 916-917) and to authenticate the same (see People v Enoksen, 175 AD3d 624, 625-626; People v Cotto, 164 AD3d 826, 827; People v Hughes, 114 AD3d 1021, 1023). Moreover, the testimony of the complainant [*3]and a detective adequately explained the unavailability of the original text messages, which the complainant had erased from her telephone (see People v Javier, 154 AD3d 445, 446; Matter of Robert AA. v Colleen BB., 101 AD3d 1396, 1399).
The fact that the complainant's former boyfriend took the screenshots, as testified to by the complainant and her former boyfriend, does not warrant a different result. The credibility of witnesses and any alleged motive to alter evidence properly go to the weight that is to be accorded to the evidence by the trier of fact (i.e., presents a factual issue for the jury to consider), rather than admissibility (see People v McGee, 49 NY2d at 60; Matter of Colby II [Sheba II], 145 AD3d 1271, 1273; People v Hughes, 114 AD3d at 1023).
Moreover, in contrast to my colleagues in the majority, I would not reach, in the exercise of our interest of justice jurisdiction (see CPL 470.15[6]), the defendant's unpreserved contention that the counts of attempted use of a child in a sexual performance and disseminating indecent material to a minor in the first degree were duplicitous.
The defendant's remaining contentions are without merit.
ENTER:
Aprilanne Agostino
Clerk of the Court