People v Shuler (2024 NY Slip Op 02506)

People v Shuler

2024 NY Slip Op 02506

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Ind. No. 3073/15 Appeal No. 2224 Case No. 2019-2016 

[*1]The People of the State of New York, Respondent,
v
Morgan Shuler, Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Jeannette Rodriguez-Morick, J.), rendered December 10, 2018, convicting defendant, after a jury trial, of strangulation in the second degree and sexual abuse in the first degree (four counts), and sentencing him, as a persistent violent felony offender, to a term of 25 years to life on the strangulation count, to run consecutively to concurrent terms of 15 years to life on each of the sexual abuse counts, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentence on the strangulation count run concurrently with the other sentences, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The victim testified that defendant, a neighbor and friend, while in her apartment, placed her in a chokehold from behind and then covered her face with a rag until she lost consciousness. She further testified that she momentarily awoke to defendant kissing her face and neck and touching her breasts, while engaging in sexual intercourse with her, before again losing consciousness. This testimony was sufficient to establish the elements of second-degree strangulation and first-degree sexual abuse (Penal Law §§ 121.12; 130.65[1], [2]). Further, the victim's account of the events was corroborated by multiple witnesses who observed her after the assault, medical evidence that her injuries were consistent with strangulation, and proof suggestive of defendant's consciousness of guilt after the incident. The fact that the jury did not return a verdict on the rape and predatory sexual assault charges does not necessarily mean that the jury disbelieved the victim's testimony (see People v Rayam, 94 NY2d 557, 561 [2000]).
Even assuming that the court erred in admitting the DNA evidence obtained from the condom wrapper recovered from the victim's apartment, the error was harmless. The DNA evidence was largely relevant to prove the rape and predatory sexual assault charges, which required a showing of penetration, and had little bearing on the strangulation and sexual abuses charges of which defendant was convicted. Further, given the overwhelming evidence of defendant's guilt, there was no reasonable possibility that the jury would have acquitted defendant of the strangulation and sexual abuse counts absent the error (see People v Crimmins, 36 NY2d 230 [1975]).
The court providently exercised its discretion in admitting the victim's out-of-court statements as excited utterances. The record establishes that the statements were made while the victim was still "under the stress of excitement caused by [the assault], and not the product of studied reflection and possible fabrication" (People v Johnson, 1 NY3d 302, 305-306 [2003]). It cannot be said that the stress of excitement had subsided during the interval between the assault [*2]and the statements, given the traumatic nature of the attack and the fact that defendant had repeatedly called the victim and pounded on her door during that period (see People v Brooks, 71 NY2d 877 [1988]). Defendant's remaining related arguments are unavailing.
The court properly declined to submit criminal obstruction of breathing or blood circulation as a lesser included offense of second-degree strangulation. There is no reasonable view of the evidence, viewed most favorably to defendant, that defendant applied pressure to the victim's neck without also causing stupor, loss of consciousness, or physical injury (see Penal Law §§ 121.11, 121.12).
Although the imposition of consecutive sentences was proper, we modify to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024