People v Johnson (2024 NY Slip Op 06058)

People v Johnson

2024 NY Slip Op 06058

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2019-06372
 (Ind. No. 1455/10)

[*1]The People of the State of New York, respondent,
v
Chad Johnson, appellant.

Joseph A. Hanshe, Sayville, NY (Kimberly M. Ball of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Sarah S. Rabinowitz of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (William J. Condon, J.), dated April 17, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate, on the ground of ineffective assistance of counsel, a judgment of the same court (Gary J. Weber, J.), rendered January 17, 2012, convicting him of murder in the second degree, patronizing a prostitute in the third degree, and aggravated unlicensed operation of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence, and that branch of the defendant's motion which was pursuant to CPL 440.30(1-a) for forensic DNA testing of certain evidence.
ORDERED that the appeal from so much of the order as denied that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate the judgment rendered January 17, 2012, is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed.
Contrary to the defendant's contention, the County Court properly denied that branch of his motion which was pursuant to CPL 440.30(1-a) for forensic DNA testing of certain evidence because he "failed to show that there was a reasonable probability that DNA test results would have resulted in a verdict that was more favorable to him had such test results been admitted into evidence at trial" (People v Bailey, 35 AD3d 491, 492; see People v Mattocks, 15 AD3d 676, 677).
The defendant's appeal from so much of the order as denied that branch of his motion which was pursuant to CPL 440.10 to vacate the judgment on the ground of ineffective assistance of counsel must be dismissed, as he failed to obtain leave to appeal (see id. § 450.15[1]; People v Sorenson, 225 AD2d 566; People v Harris, 107 AD2d 761).
DUFFY, J.P., CHRISTOPHER, GENOVESI and LANDICINO, JJ., concur.

2019-06372 DECISION & ORDER ON MOTION
The People, etc., respondent,
v Chad Johnson, appellant.
(Ind. No. 1455/10)

Motion by the respondent to strike Point V of the appellant's brief, in effect, on the ground that the arguments therein are improperly raised on the appeal. By decision and order on motion of this Court dated April 26, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeal, it is
ORDERED that the motion to strike Point V of the appellant's brief is granted, and
Point V of the appellant's brief is stricken and has not been considered in the determination of the appeal.
ENTER:
Darrell M. Joseph
Clerk of the Court